## WILSON v CITIZENS CENTRAL BANK OF NELSONVILLE

Ohio Appeals, 4th Dist, Athens Co

Decided Dec. 14, 1936

Blanchard, TouVelle & Nida, Columbus, .and R. W. Finsterwald, for plaintiff appellant.

Woolley & Rowland, Athens, and A. B. Wells, Athens, for defendant appellee.

## OPINION

By BLOSSER, J.

Emma Wilson, as administratrix of the estate of John L. Wilson, deceased, in her amended petition against The Citizens Central Bank of Nelsonville, Ohio, states that her deceased husband, John L. Wilson, had rented from the bank a safety deposit box and kept therein bonds and securities of the value of $25,245; that Anthony Wilson, without the consent, knowledge or approval of John L. Wilson, unlocked and opened the safety deposit box and removed, abstracted and took therefrom the securities; that Anthony Wilson was enabled to remove the securities and the loss of the securities was made possible by the failure and neglect of the defendant bank; that she demanded the securities or their value of the defendant which was refused.

The first defense of the answer of the defendant pleads that the box was furnished John L. Wilson and that both John L. Wilson and his brother, Anthony Wilson, had access to the box and used it at all times from November, 1914, until the death of John L. Wilson in 1928. The second defense pleads that at the time John L. Wilson procured the box it was furnished without hire, that nothing was paid for its use and that it was understood and agreed by the defendant and John L. Wilson that the defendant would not employ persons to have charge of the master key to unlock the box for John L. Wilson but that the master key would be hung in the vault where John L. Wilson, as well as others having boxes, could have access to the master key to assist in opening their boxes; that this arrangement was well known to John L. Wilson and agreed to and acquiesced in by him during all of the time from 1914 until his death; that during all the time that John L. Wilson used the box Anthony Wilson had access to the same both for the use of Anthony Wilson and as agent for John L. Wilson in and about the business of John L. Wilson. The third defense pleads contributory negligence on the part of John L. Wilson in that he left his keys to the safety deposit box in a place to which Anthony Wilson at all times had access and at the invitation of John L. Wilson.

The case was submitted to a jury which returned a verdict for the defendant and the plaintiff thereupon appealed to this court upon questions of law.

The evidence fails to show that there was an express contract for the rental of the safety deposit box by John L. Wilson from the bank or that he paid any stipulated amount for its use.

The authorities are not in harmony as to the legal relation existing between a renter of a safety deposit box and a bank. Some authorities hold that the relation is that of lessor and lessee. **5 Ohio Jur. 376.**

The weight of authority, however, seems to be that the relation existing is that of bailor and bailee. 3 R.C.L. 559, **Blair v Riley, Exr., 37 Oh Ap 513.** It is said in Armstrong v Sisti, 242 N.Y. 440, 152 N.E. 254:

"Bailment does not necessarily depend on contractual relation but may rest on obligation implied or imposed by law to account for a thing as property of another."

Regardless of how the relationship is regarded, whether the relation is as it exists in this case or whether it is that of bailor and bailee or of landlord and tenant, the rule governing the liability of the party is the same. Carples v Coal & Iron Co., 240 N. Y. 187, 148 N. E. 185; 39 A. L. R. 12; People v Deposit Co., 143 N. Y. S. 849, 851; Jones v Morgan, 90 N. Y. 4.

The general rule is that in the absence of an agreement between the parties the limit of the bank's obligation is the exercise of ordinary care and it is not the insurer of the property. It must exercise a degree of care which an ordinarily prudent person bestows on his property of like description. Webber v Bank (Cal.), 225 Pac. 41; 7 C. J. 643; Jones v Morgan, supra.

In the ordinary case of bailment if it were proven that John L. Wilson placed the securities in the safety deposit box furnished by the defendant and that they were taken therefrom without his knowledge or consent, and that there was a demand made by the plaintiff of the defendant for the securities or their value and they were not returned or their value paid, the plaintiff would have made a prima facie case. **Blair v Riley, Exr., 37 Oh Ap 514; Blackburn v Norris, 46 Oh Ap 469.** This case goes further than that, in that the petition attempts to account for the securities and alleges the manner in which they were removed by Anthony Wilson and asserts that the loss grew out of the negligence of the defendant bank. This case

is different from the usual case of this kind where it is not known by the plaintiff how or in what manner the securities were obtained from the box. Under this state of the pleadings the burden continued on the plaintiff to go forward with the evidence and show that the bank was negligent before a recovery could be had. There is no presumption of negligence on the part of the bank for the reason that the plaintiff pleads the manner of the loss of the securities. Webber v Bank, supra; Storage & Trust Co. v Martin (Md.), 125 Atl. 449. This principle was announced by this court in the case of the bailment of an automobile in Blackburn v Norris, supra.

The court in the general charge properly charged the law with reference to the degree of care required of the defendant. As has already been seen from the authorities cited, it is immaterial whether the relation between the parties be regarded as bailor and bailee or lessor and lessee since the liability, if any, arises by reason of the negligence of the defendant.

The court gave the following instructions to the jury before argument at the request of the defendant:

"No. 3. If you find that any act or acts on the part of John L. Wilson done voluntarily by him proximately and directly assisted Anthony Wilson in procuring the bonds then plaintiff can not recover.

"No. 4. If you find that John L. Wilson was himself in any degree negligent in respect to the bonds being taken from the safety deposit box and his negligence, however slight, proximately contributed to the loss, then the plaintiff can not recover."

It is urged that these charges are erroneous and that the court improperly brought into the case the question of contributory negligence on the part of the plaintiff's decedent, that the relation between the parties was one of contract, that the question of contributory negligence could not relieve the bank from the liability assumed by it in its contractual relation with plaintiff's decedent in renting the box. The plaintiff in her petition brought the matter of negligence into the case and the court properly charged with reference to contributory negligence as that feature was brought into the case by both the pleadings and the evidence.

As to the weight of the evidence, there is ample testimony to support the theory

that the acts of John L. Wilson made it possible for Anthony Wilson to obtain the securities.

Without going into detail it is sufficient to say that the verdict of the jury and the judgment which followed are not against the manifest weight of the evidence.

There being no error in the record prejudicial to the rights of the plaintiff the judgment will be affirmed.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.