WAGNER, APPELLEE, *v.* ROLLERCADE II, INC., APPELLANT.

(No. 11086—Decided October 5, 1983.)

*Mr. Michael J. Kaplan,* for appellee Marilyn M. Wagner.

*Ms. Deborah L. Cook,* for appellant Rollercade II, Inc.

QUILLIN, P.J. Marilyn M. Wagner was injured while roller skating at an arena owned by Rollercade II, Inc. ("Rollercade"). Wagner filed a complaint against Rollercade claiming negligence in the design of the skating rink caused her injuries. Without objection, the case was tried under the theory that contributory negligence was a complete defense. The jury was given general verdict forms as well as interrogatories to be answered. The jury returned a general verdict in favor of Wagner but also found, by answers to interrogatories, that she, too, was negligent and that her negligence contributed to her own injury.

The trial court noted the inconsistency and, without accepting the verdict or answers to interrogatories, directed the jury to deliberate further. The trial court again charged the jury that, if they found Wagner contributorily negligent, then they should return a verdict for the defendant. When the jury returned, they had changed the answers to the interrogatories and found that Wagner was not contributorily negligent. The general verdict remained the same. The trial court entered final judgment in favor of Wagner. We affirm.

Assignment of Error No. 1

"The trial court erred in failing to direct a verdict in favor of defendant at the close of plaintiff's case on the issue of plaintiff's contributory negligence."

Civ. R. 50(A)(4) provides:

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

If the trial court does not find that reasonable minds could come to but one conclusion, the motion for directed verdict must be denied.

Rollercade maintains that its motion for directed verdict at the end of the plaintiff's case should have been granted because the evidence conclusively demonstrated Wagner's contributory negli-

gence. Specifically, Rollercade relies on Wagner's testimony regarding her actions:

"Q. So if you were looking at that floor, isn't it true that you would have known how far to step?

"* * *

"A. I don't know that I was looking at the floor.

"* * *

"Q. Isn't it a fact, Marilyn, that if you had been looking, the color itself would have indicated to you that you would have had to put your foot over that if you did not intend to skate down it?

"A. Yes."

Rollercade contends Wagner's failure to watch where she was going was conclusive of her contributory negligence. The record on appeal does not contain the complete transcript of proceedings. The partial transcript, however, indicates reasonable minds could differ as to Wagner's negligence. We cannot find the failure of Wagner to watch where she was placing her feet to be conclusive of negligence on her part. It does, however, raise an issue for the jury.

The trial court did not err in overruling Rollercade's motion for directed verdict. Accordingly, the first assignment of error is overruled.

Assignments of Error Nos. 2 and 3

"2. When a cause of action accrues prior to the applicability of the comparative negligence statute and the jury answers interrogatories as to the contributory negligence of plaintiff in the affirmative and renders a verdict for plaintiff, it is an abuse of discretion for the court to refuse to enter judgment in accordance with the interrogatories.

"3. In a case where comparative negligence does not apply, when a jury answers interrogatories as to the contributory negligence of the plaintiff in the affirmative, and upon instructions of the court to change the verdict or the answers, the jury changes the answers, it

is error and an abuse of discretion for the court to fail to grant judgment for the defendant notwithstanding the verdict."

At the time the jury first returned the verdict and the answers to interrogatories, it was apparent there were inconsistencies. In such a situation the trial judge is presented with three options: (1) he may enter judgment consistent with the answers; (2) the jury may be directed to deliberate further; or (3) a new trial may be ordered. Civ. R. 49(B). We are unable to find any authority which would require one option to be chosen to the exclusion of the other two. We believe it is within the discretion of the trial judge as to which course to choose. Where the jury is still available, it is not unreasonable for the court to have them resolve any inconsistency between their general verdict and their answers to interrogatories.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.