BECKER ET AL., APPELLANTS, *v.* BANCOHIO NATIONAL BANK, APPELLEE.

[Cite as Becker *v.* BancOhio National Bank (1985), 17 Ohio St. 3d 158.]

(No. 84-288—Decided May 29, 1985.)

160

*Lucas, Prendergast, Albright, Gibson & Newman, Robert E. Albright, Richard C. Brahm* and *Mark R. Scherer,* for appellants.

*Crabbe, Brown, Jones, Potts & Schmidt, Steven B. Ayers* and *John P. Kennedy,* for appellee.

*Per Curiam.* The ultimate issue before this court is whether the trial court erred in granting judgment for the defendant-appellee on the basis of the jury's special finding of comparative negligence rather than in accordance with the general verdict in the plaintiffs-appellants' favor. The first paragraph of the syllabus in *Prendergast* v. *Ginsburg* (1928), 119 Ohio St. 360, sets forth the following standard by which the trial court's ruling in this case must be measured: "Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are *inconsistent and irreconcilable* with the general verdict." (Emphasis added.)

In the instant case, the jury returned a general verdict in favor of the plaintiffs, which encompassed claims based on contract, bailment, *res ipsa loquitur* and negligence. The jury also answered a comparative-negligence interrogatory by stating that the plaintiffs were seventy-four percent negligent and defendant was twenty-six percent negligent. The defendant argues that this special finding of comparative negligence is a complete bar to the plaintiffs' recovery because all the plaintiffs' claims, including their contract claim, were based upon a negligence theory — *i.e.,* that the defendant owed only a duty of ordinary care in protecting the contents of the plaintiffs' safe deposit boxes.

The plaintiffs challenge the defendant's argument with the contention that their contract claim was founded upon the defendant's breach of a contractual duty that effectually imposed strict liability on the defendant for any loss occasioned by any "unauthorized entry" into the plaintiffs' safe deposit boxes. The plaintiffs assert that their negligence is not a defense to the breach of such a contractual duty; and, therefore, the special finding of comparative negligence in the amount of seventy-four percent is not inconsistent or irreconcilable with the general verdict in their favor.

Upon review of the competing arguments advanced by the parties, it is clear that the question of whether the general verdict is inconsistent and irreconcilable with the special finding of comparative negligence can be answered only by analysis of the plaintiffs' breach of contract claim. This claim, in its final form, is set forth in the trial court's instructions to the jury. It is axiomatic that the purpose of these instructions was "to make plain the law applicable to the issues of the case," *Chesrown* v. *Bevier*

(1920), 101 Ohio St. 282, 285, and it is from these instructions that the jury derived the contractual duties owed by the defendant to the plaintiffs.

The portion of the trial court's instructions that pertained to the plaintiffs' breach of contract claim stated:

"One of the plaintiffs' claims in this lawsuit is that the defendant bank failed to uphold its obligations under the contract for the rental of a safety deposit box by failing to prevent the opening of the box by a person other than the plaintiffs or their authorized representatives. A contract is an agreement between two or more persons to do or not to do a particular thing.

"No particular form of words is necessary to constitute a valid and binding contract. If a promise is made upon one side and entered upon and acted upon by the other, this will be sufficient to make it a binding contract.

"If you find, therefore, from the preponderance of the evidence that the defendant bank did in fact agree to keep the contents of plaintiffs' safety deposit box free from unauthorized entry and that an unauthorized entry was made into plaintiffs' box No. 776, then you must find that the defendant did breach its contract with the plaintiffs."

It is clear that the foregoing instructions adopt the plaintiffs' interpretation of the duties imposed by their safe deposit contract for box No. 776. The face of this contract provided, in part, that "[a]ccess to the [safe deposit] box may be had by any one of the undersigned or their authorized deputy * * *." The plaintiffs assert that this language placed a duty upon the bank to prevent any unauthorized entry and effectively renders the bank strictly liable for losses resulting from any unauthorized entry. The trial court's instruction reflects this interpretation by stressing that if the jury determined that a safe deposit contract existed between the parties *and* that an unauthorized entry was made into the plaintiffs' safe deposit box, then the jury was *required* to find "that the defendant did breach its contract with the plaintiffs."

BancOhio has not contested in this appeal the propriety of the trial court's instruction and that issue is not before us. BancOhio has attempted to avoid the plain import of the instruction, however, by arguing that a duty of ordinary care was implicit, both in the contract for rental of safe deposit box No. 776 and in the instruction itself. As one basis for this argument, BancOhio asserts that it had a common-law duty to exercise only ordinary care when protecting the contents of the plaintiffs' safe deposit box. BancOhio's reliance on *Wilson* v. *Citizens Central Bank of Nelsonville* (1936), 56 Ohio App. 478 [9 O.O. 482], in support of this proposition, however, is misplaced. The first paragraph of the syllabus in *Wilson,* which imposed a duty of ordinary care upon a bank that maintained safe deposit boxes, was expressly premised upon "the absence of an agreement between the parties * * *." When, as in the instant case, a safe deposit agreement exists, relations "between the parties" are governed by such

agreement; and, if the agreement's terms call for application of a duty or standard of care different from ordinary care, then that different duty or standard of care must be applied.

Faced with this distinction between *Wilson* and the instant case, the defendant posits as a second basis for its "ordinary care" argument that the terms of the plaintiffs' safe deposit contract call for application of "the bank's rules and regulations of safe deposit box rental, which may be amended by the bank from time to time." The defendant then cites its safe deposit rule No. 14, which stated that the bank's "duty is limited to the ordinary care in preventing access to the box by unauthorized persons, however, under no circumstances shall the bank be liable for any loss or destruction of money alleged to have been placed in the box."

The mere existence of the foregoing rule, however, does not establish the applicability of an ordinary care standard in the instant case, because the plaintiffs contended at trial that they had never received copies of the safe deposit rules. The trial court issued an instruction regarding this issue, which stated:

"One of the defendant's claims in this lawsuit is that the bank's rules and regulations exclude them from liability for the loss of money, if any, stored in plaintiffs' safety deposit box. You are instructed that a meeting of the minds of the parties upon its terms is necessary to the making of a contract. If the minds of the parties have not met on any term of agreement, there is no contract as to that particular term.

"As a general rule, the parties to a contract are under a general duty to read all the terms of their agreement. However, where certain terms are not included in the contract language and are never seen by or explained to one of the parties, then there can be no meeting of the minds and no contract as to those particular terms.

"You are therefore instructed that if you find from the testimony that the plaintiffs never received and never saw the defendant's rules and regulations for safety deposit box rental, then the defendant's claimed exclusion of liability for lost money from the safety deposit box is not enforceable against these plaintiffs."

Based on these instructions, any determination regarding the applicability of the safe deposit rules to the plaintiffs' claim was within the province of the jury. Neither party requested a special jury finding on this issue, however, and we are unable to determine whether the jury found the safe deposit rules and ordinary care standard to be applicable herein. The defendant argues, in effect, that the lack of this finding *requires* the application of the ordinary care standard because the plaintiffs cannot now prove that the general verdict in their favor is consistent with the special finding of comparative negligence. This argument must fail.

The law set forth in *Prendergast* v. *Ginsburg, supra,* and subsequently applied in *Hogan* v. *Finch* (1966), 8 Ohio St. 2d 31 [37 O.O.2d 305], does not require a prevailing party to prove consistency between the verdict

and a special finding. Rather, the law makes it incumbent upon a party *challenging* a general verdict to show that the "special findings, when considered together, are inconsistent and irreconcilable with the general verdict." The special finding in the instant case — that the plaintiffs were seventy-four percent negligent — has not been shown to be inconsistent and irreconcilable with the general verdict in the plaintiffs' favor, because: (1) the plaintiffs' contract claim, as reflected in the trial court's instruction, was based upon the defendant's breach of a duty to prevent any unauthorized entry into the plaintiffs' safe deposit box (not upon a duty to exercise only ordinary care in protecting the contents of the box); and (2) the defendant has not shown, by interrogatory or otherwise, that the jury found its safe deposit rules (which limit its duty to the plaintiffs to the exercise of ordinary care) to be applicable to the plaintiffs' claim.

The plaintiffs' negligence is not a defense to the defendant's breach of its contractual duty to prevent an unauthorized entry into the plaintiffs' safe deposit box. It was error for the trial court to conclude that the special finding of comparative negligence barred the plaintiffs herein from recovery. The general verdict in this case, being reconcilable with the special finding, was not contrary to law; and, it was therefore incumbent upon the trial court to give effect to the jury's verdict and award by granting judgment in favor of the plaintiffs. Accordingly, the judgment of the court of appeals is reversed and the cause remanded to the trial court for reinstatement of the general verdict in the plaintiffs' favor.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.