## Ruda v. Hartman
*[Cite as 7 AOA 306]*

*Case No. 57486*
*Cuyahoga County, (8th)*
*Decided September 20, 1990*

*Harvey E. Tessler and Charles J. Consiglio, 801 Citizens Building, 850 Euclid Avenue, Cleveland, Ohio 44114-3304, for Plaintiff-Appellant.*

*Robert G. Hurt, 1806 Illuminating Building, 55 Public Square, Cleveland, Ohio 44113, for Defendant-Appellees.*

SWEENEY, J.

On March 31, 1987, plaintiff-appellant, Richard Ruda, was involved in a motor vehicle accident with defendants-appellees, Henry Hartman, et al, on Broadway, in Cuyahoga County, Ohio.

Appellant brought a negligence action against appellees on May 4, 1987. After a jury trial, a verdict was returned in favor of appellees. Appellant now timely appeals the judgment. For the following reasons, we sustain Assignment of Error I and overrule Assignments of Error II, III and IV.

### I.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PERMITTING TESTIMONY BY A POLICE OFFICER TO HER OPINION IN A POLICE REPORT THAT APPELLANT'S CONDUCT WAS A CAUSE OF THE ACCIDENT.

Appellant contends the trial court erred in allowing the police officer's opinion as a lay witness on the cause of the accident. We agree.

At trial, appellant called the investigating officer who took an accident report statement from appellee at the police station several hours after the accident. The accident report was used as a past recollection recorded and based solely on what appellee told the officer.

On cross-examination, counsel for appellee directed the officer's attention to the "contributing factor" box and elicited the following:

"Q. Now, you put down the numbers in those boxes whichcorrespond to the contributing factors. Those were judgments you made based on what Mr. Hartman told you; isn't that right?

"A. This is true.

"Q. Mr. Hartman didn't tell you, for instance where you put A, if you follow 17, 17 says "Other driver error." Mr. Hartman didn't tell you he made some kind of error in the accident, did he?

"A. That was my judgment.

"Q. Based on what he told you?

"A. Yes.

"Q. And under the box for (appellant) Mr. Ruda's vehicle you listed 15, driver inattention?

"A. That's correct.

"Q. And that was your judgment based on what you heard from Mr. Hartman.

"A. Yes."

The trial court overruled appellant's objection to the admission of the testimony.

Appellees argue that the lay opinion testimony was admissible under Evid. R. 701, which permits a lay witness to give an opinion when such an opinion is "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

We find the officer's testimony does not satisfy either standard.

First, the officer was not at the scene of the accident and, therefore, has no personal knowledge of the accident. Second, a Rule 701 lay opinion is not helpful if the jury can readily draw the necessary inferences and conclusions without the aid of the opinion. *Wheeler v. Hendershot* Nov. 28, 1984), Hamilton App. No. C-830891, unreported; *Lee, Jr. v. Baldwin, Jr.* (Jan. 30, 1987), Hamilton App. No. C-860164, unreported; *Hatfield v. Andermott* (Oct. 25, 1988), Franklin App. No. 87 AP-726, unreported.

In the present case, the officer testified to his conclusion based on what the appellee told him. The jury heard this testimony of the parties and other witnesses and was, therefore, able to draw its own conclusion without the aid of the officer's opinion. Thus, the officer's opinion as to the cause of the accident was neither

based upon the officer's independent observations nor helpful to the jury's understanding of the evidence. Therefore, we conclude the trial court abused its discretion in allowing the admission of the lay opinion testimony on the issue of the contributing cause of the accident.

Accordingly, we sustain the assignment of error, reverse the judgment of the court below, and remand this cause to the court for further proceedings.

## II.
### THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO INSTRUCT THE JURY ON SUDDEN EMERGENCY AS PROPOSED BY APPELLANT.

The appellant argues the trial court erred in refusing to instruct the jury on sudden emergency based on the testimony of appellee that appellant could have avoided the accident by changing lanes to the left. However, we cannot address the merits of this alleged error since the trial court record does not contain a transcript of the appellant's or appellee's testimony at trial. Without a record of said evidence adduced at trial, we cannot determine whether an instruction on sudden emergency was necessary and warranted.

An appellant has a duty to exemplify any alleged error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199. This duty may be discharged by the filing of a verbatim transcript pursuant to App. R. 9(B), a narrative statement of the evidence as provided in App. R. 9(C) or an agreed statement of the record filed pursuant to App. R. 9(D). Absent any exemplified error, a reviewing court has no choice but to presume regularity in the proceedings of the trial court. *Id.*

Accordingly, Assignment of Error II is not well taken and is overruled.

## III.
### THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO RE-INSTRUCT THE JURY BY SUBSTITUTING THE COMPARATIVE NEGLIGENCE INTERROGATORIES CONTAINED IN THE 1988 AMENDMENT TO OHIO JURY INSTRUCTIONS, FOR THOSE ALREADY GIVEN TO THE JURY, AFTER THE JURY RETURNED INCONSISTENT ANSWERS TO COMPARATIVE NEGLIGENCE INTERROGATORIES.

## IV.
### THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFUSING TO INSTRUCT THE JURY, WHEN IT RETURNED ANSWERS TO COMPARATIVE NEGLIGENCE INTERROGATORIES INCONSISTENT WITH ONE ANOTHER AND THE GENERAL VERDICT, AS TO THE POSSIBLE MEANING OF SEVERAL SPECIAL ANSWERS, AND INSTEAD INSTRUCTED MERELY THAT THERE WAS AN INCONSISTENCY BETWEEN THE ANSWERS TO INTERROGATORIES 2 AND 4 ON ONE HAND AND NO. 6 ON THE OTHER HAND.

Assignments of Error III and IV will be addressed together since they both concern the trial court's reconciliation of the jury's return of inconsistent interrogatory answers.

At the trial of the present case, the jury was directed to answer several interrogatories. Interrogatories No. 2 and 4 asked, "Do you find by a preponderance of the evidence that the defendant [No. 2] or the plaintiff [No. 4] was negligent?" Interrogatory No. 6 asked the jury to apportion the negligence, if any, of the plaintiff and defendant.

During deliberations, the jury asked the court, "We did not find either party negligent by a preponderance of the evidence. What do we do about the percentage in Interrogatory No. 6?" The court responded by re-reading the interrogatory to the jury.

The jury then returned a general verdict in favor of defendants. The answers to Interrogatories No. 2 and 4 were, "No." Interrogatory No. 6 apportioned fifty percent negligence to plaintiff and fifty percent to defendant. The court noted an inconsistency between the answers to No. 2 and 4 and the answer to No. 6 and sent the jury back for further deliberations.

The jury again returned a general verdict for defendants and answered, "No," to Interrogatories No. 2 and 4. However, the percentages previously entered in Interrogatory No. 6 were scratched out and signed by the foreman, and a note accompanied the answer, which stated, "We did not find either party negligent by a preponderance of the evidence, so No. 6 does not apply." The court then entered judgment in favor of the defendants.

As a result of the inconsistency, appellant argues in Assignment of Error III that the trial court erred in refusing to substitute the interrogatories with a 1988 Ohio Jury Instruction

which contained no reference to "preponderance of evidence." Appellant argued that the language of Interrogatories No. 2 and 4 confused the jury.

Assignment of Error IV argues that the trial court should have explained to the jury the discrepancies between the interrogatories before sending them back for further deliberation. We find both of these assignments of error are without merit.

When the general verdict and answers to interrogatories are inconsistent, the trial court, pursuant to Civ. R. 49(B), has three options:

(1) the court may enter judgment consistent with the answers to the interrogatories;

(2) the court may direct the jury to deliberate further; and

(3) the court may order a new trial. *Wagner v. Rollercade II, Inc.* (1983), 11 Ohio App. 3d 199. It is within the trial court's discretion as to which option will be utilized. *Id.*

In the present case, the trial court, acting within its discretion, advised the jury of the inconsistency of its answers in Interrogatories No. 2 and 4 with its answers to Interrogatory No. 6 and sent the jury back for further deliberation. The jury thereafter resolved the inconsistency on its own with its finding that since their answers to Interrogatories No. 2 and 4 were "No," then Interrogatory No. 6 did not apply. Furthermore, the jury was consistent as to its general verdict in favor of the defendants. Thus, we find the trial court did not err in refusing to substitute the interrogatories or in refusing to further instruct the jury on the discrepancies in their answers.

Assignments of Error III and IV are overruled.

Judgment reversed and remanded for further proceedings in accordance with this opinion.

J.V. CORRIGAN, P.J., and J.F. CORRIGAN, J., concur.