ALTVATER, Admr., Appellant and Cross–Appellee,

v.

CLAYCRAFT COMPANY, Appellee and Cross–Appellant.

[Cite as *Altvater v. Claycraft Co.* (1994), 92 Ohio App.3d 759.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–652.

Decided Jan. 27, 1994.

*Murray & Murray Co., L.P.A., W. Patrick Murray* and *Steven C. Bechtel,* for appellant and cross-appellee.

*Taft, Stettinius & Hollister, Michael A. Byers* and *Mark A. Ferguson,* for appellee and cross-appellant.

PETREE, Judge.

This matter is before this court upon the appeal of plaintiff, Viola Altvater, widow of Robert K. Altvater and administrator of his estate. Plaintiff appeals the decision of the Franklin County Court of Common Pleas granting a motion for a new trial filed by defendant, Claycraft Company.

Plaintiff sets forth a single assignment of error for our review:

"The trial court erred in granting defendant Claycraft's post-trial motion for new trial pursuant to Civ.R. 49(B)."

Defendant has cross-appealed the trial court's decision, and asserts as error, the following:

"The trial court erred to the prejudice of Defendant–Appellee–Cross–Appellant Claycraft Company by not granting judgment to it on Plaintiff's Survivorship Claim. [Judgment Entry, May 3, 1993]."

Defendant is a brick manufacturer with a plant located in Upper Sandusky, Ohio. Robert K. Altvater was employed by defendant for over thirty years. Decedent operated a pug mill for much of his tenure with defendant. As a pug mill operator, decedent controlled the flow and mixture of clay and water into the brick molding machine. This process caused the environment in which decedent worked to be extremely dusty, and exposed him to large amounts of silica dust. Decedent worked in defendant's plant until December 15, 1980. He subsequently died on March 17, 1983.

Plaintiff filed a complaint on August 10, 1984, seeking recovery for the wrongful death and survivorship of decedent. In her complaint, plaintiff alleged that defendant engaged in a course of conduct that constituted an employer intentional tort which resulted in injury to and the subsequent death of decedent.

Defendant filed a motion for summary judgment, which was granted on August 17, 1989, by the Franklin County Court of Common Pleas. The trial court concluded that plaintiff was barred from recovery based upon the doctrine of collateral estoppel, given a previous ruling by the Ohio Industrial Commission. This court, in *Altvater v. Claycraft Co.* (1991), 71 Ohio App.3d 264, 593 N.E.2d 377, reversed and remanded the matter for trial.

The case came on for trial on September 2, 1992. One of the critical issues contested at trial was the cause of decedent's death. Plaintiff's family physician testified that decedent had been diagnosed as suffering from emphysema and chronic obstructive pulmonary disease. However, upon post-mortem autopsy, it was discovered that decedent suffered from silicosis as a result of his exposure to silica dust in the plant. Plaintiff's expert opined that decedent had an advanced case of silicosis, and that exposure to silica dust was the primary cause of his respiratory problems and subsequent death.

Defendant's medical expert disagreed, however, opining that, although decedent had simple silicosis, the actual cause of his death was emphysema.

At the close of the evidence, defendant submitted three special interrogatories to the jury. After deliberations, the jury returned a unanimous verdict for plaintiff, and awarded $840,000 in compensatory damages, and $6,000 in funeral expenses. The jury also awarded plaintiff $500,000 in punitive damages. There was no breakdown of the damage award between plaintiff's survivorship claim and her wrongful death claim.

The interrogatories, as submitted to and answered by the jury, are as follows:

*"INTERROGATORY NO. 1   PLAINTIFF'S INTENTIONAL TORT CLAIM*

"Do you find by a preponderance of the evidence that Claycraft had knowledge of the existence of a dangerous condition within its business operation; that Claycraft had knowledge that if Mr. Altvater was subjected to such dangerous

condition that harm to him would be a substantial certainty; and that Claycraft, under these circumstances and with this knowledge, did act to require Mr. Altvater to continue to perform the dangerous task.

"Yes  X  No ___ ."

*"INTERROGATORY NO. 2  SURVIVORSHIP CLAIM*

"Do you find by a preponderance of the evidence that Mr. Altvater knew, or reasonably should have known, that he had been injured and that he knew, or reasonably should have known, that his injury was proximately caused by the conduct of Claycraft on or before August 10, 1982.

"Yes  X  No. ___ ."

*"INTERROGATORY NO. 3  CAUSE OF DEATH*

"Do you find by a preponderance of the evidence that Robert Altvater's death was proximately caused by pulmonary emphysema caused by his 30+ years of smoking?

"Yes ___  No.  X ."

After the jury returned its verdict for plaintiff, defendant asserted that answers to the interrogatories were inconsistent with the general verdict. Where the answers to interrogatories are inconsistent with the general verdict, the court has discretion to choose among three options provided by Civ.R. 49(B). *Wagner v. Rollercade II, Inc.* (1983), 11 Ohio App.3d 199, 11 OBR 294, 463 N.E.2d 1295. Civ.R. 49(B) states, in pertinent part:

"When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and the answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."

In the instant case, the trial court did not return the jury for further consideration of its answers, nor did it enter judgment in accordance with the jury answers. Instead, the trial court requested that the parties file briefs on defendant's oral motion for a new trial.

Defendant filed its motion for a new trial, pursuant to Civ.R. 49(B), on October 15, 1992. In its motion, defendant asserted that the answer to Interrogatory No. 2 was inconsistent with and irreconcilable with the general verdict. Defendant argued that by its answer to Interrogatory No. 2, the jury specifically found that plaintiff's survivorship claim was barred by the applicable two-year statute of limitations and that this finding precluded the jury from awarding damages to plaintiff on that claim. Therefore, argued defendant, the award of punitive

damages and compensatory damages in the jury's general verdict was inconsistent with the answer to the interrogatory.

The trial court, in its decision dated April 9, 1993, sustained defendant's motion for a new trial, specifically finding as follows:

"The answer to Interrogatory No. 2 states the jury found Plaintiff's survivorship claim to be time-barred. However, the jury awarded punitive damages which are only available under the survivorship claim. Furthermore, the jury had been instructed it could only award punitive damages if it awarded compensatory damages for the survivorship claim. * * * Hence, the jury's awarding of damages on a claim they found to be barred by the statute of limitations is inconsistent and irreconcilable."

Both plaintiff and defendant have timely appealed the trial court's decision.

In the instant case, the trial court held that the jury's answer to Interrogatory No. 2, finding that plaintiff's survivorship claim was barred by the statute of limitations, was inconsistent and irreconcilable with the general verdict and sustained defendant's motion for a new trial. The use of special interrogatories is governed by Civ.R. 49(B), which provides, in part:

"The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument. Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves. The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.

"The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict."

■ The function of jury interrogatories is to "test the correctness of a general verdict by eliciting from the jury its assessment of the determinative issues presented by a given controversy in the context of evidence presented at trial." *Cincinnati Riverfront Coliseum, Inc. v. McNulty Co.* (1986), 28 Ohio St.3d 333, 337, 28 OBR 400, 403, 504 N.E.2d 415, 418. In cases invoking Civ.R. 49(B), it is incumbent upon the party challenging the general verdict to demonstrate that the answers to the interrogatories are inconsistent and irreconcilable with the general verdict. *Becker v. BancOhio Natl. Bank* (1985), 17 Ohio St.3d 158, 162–163, 17 OBR 360, 363, 478 N.E.2d 776, 781; *Bauman v. Schmitter* (1989), 54 Ohio App.3d 51, 53, 560 N.E.2d 827, 830.

In the case at bar, defendant asserts that the jury's answer to Interrogatory No. 2 clearly stated that the applicable statute of limitations barred plaintiff's survivorship claim. However, plaintiff argues that Interrogatory No. 2, as drafted and submitted by defendant, was vague, ambiguous, improper, not legally correct, and did not address a determinative issue.

■ We first address plaintiff's contention that Interrogatory No. 2 is ambiguous. The trial court must harmonize the special findings of the jury with the general verdict if it is possible to do so. As stated in *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 10, 536 N.E.2d 411, 415:

" ' "If such ambiguous questions are submitted * * * they should be construed as the jury understood them. Otherwise their answer is not given the effect that the jury intended. By what means shall we ascertain the understanding of the jury? The party who propounds such questions—in this case, the defendant—is responsible for their ambiguous character, and all serious doubts should be resolved against him. Under such circumstances it should be presumed that the jury placed that construction upon the question which makes their answer thereto harmonious with their general verdict and with their answers to the other special questions. * * * " ' " Citing *Klever v. Reid Bros. Express, Inc.* (1949), 151 Ohio St. 467, 474, 39 O.O. 280, 283, 86 N.E.2d 608, 611.

In other words, a presumption arises that the jury placed that construction upon the question which makes the answers thereto harmonious with the verdict.

Plaintiff asserts that Interrogatory No. 2 contained a latent grammatical ambiguity. Plaintiff argues that in the form that the interrogatory was submitted to the jury, the prepositional phrase "on or before August 10, 1982," referred to the conduct of defendant, not to when decedent knew or should have known that he had been injured by defendant's conduct. Plaintiff argues that the jury read the prepositional phrase "on or before August 10, 1982" as modifying the word "conduct," and that, therefore, their response to Interrogatory No. 2 simply indicated that defendant's culpable conduct occurred on or before August 10, 1982, and had nothing to do with the question of when decedent knew or reasonably should have known that he had been injured by defendant's conduct.

Defendant argues, on the other hand, and the trial court agreed, that the phrase "on or before August 10, 1982," referred not to defendant's conduct, but to when decedent knew or reasonably should have known that he had been injured by defendant.

■ In construing the doubt in favor of plaintiff, it appears that the jury's answers were not irreconcilable with the general verdict when plaintiff's interpretation of the interrogatories is accepted. If we construe the jury's answer to Interrogatory No. 2 to mean that the phrase "on or before August 10, 1982"

modified defendant's conduct, and not when decedent knew or should have known that he was injured, then the jury did not find that plaintiff's claim was time barred, and the answer to the interrogatory is clearly consistent with the jury's general verdict. Because *Klever v. Reid Bros. Express, Inc.* (1949), 151 Ohio St. 467, 39 O.O. 280, 86 N.E.2d 608, commands that an ambiguous interrogatory must be construed against the drafter, and it is the duty of the trial court to harmonize a special finding of the jury with its general verdict, we find that Interrogatory No. 2 was ambiguous and therefore must be construed against defendant.

The jury's answers to Interrogatories No. 1 and No. 3, respectively, found defendant guilty of committing an intentional tort against decedent and that decedent's death was not caused by emphysema. The jury awarded damages in accordance with its verdict. Therefore, in order to harmonize the verdict with the answers to the interrogatories, it is clear that the answer to Interrogatory No. 2 must be read so that the jury did not intend to bar plaintiff's survivorship claim.

Although we agree with plaintiff that Interrogatory No. 2 contains a latent ambiguity that must be construed against defendant, defendant argues that plaintiff has waived her right to appeal the submission of the interrogatory to the jury, as she failed to raise an objection to the interrogatory at trial.[1]

It has been stated that a failure to object to a jury interrogatory results in a waiver. In *Shaffer v. Maier* (Dec. 4, 1991), Hamilton App. No. C–900573, unreported, 1991 WL 256493, decided on different grounds in *Shaffer v. Maier* (1994), 68 Ohio St.3d 416, 627 N.E.2d 986, the court assumed, without deciding, that Civ.R. 51's requirement that an objection to jury instructions be made in order to avoid a waiver also applies to interrogatories under Civ.R. 49. See *Haid v. Ohio Presbyterian Homes* (Aug. 22, 1985), Franklin App. No. 84AP–452, unreported, 1985 WL 9671; 2 Baldwin's Ohio Civil Practice 43.10(C)(3) and (F).

However, we find that plaintiff's failure to object to the interrogatory is not fatal to plaintiff's appeal because the interrogatory, as drafted, does not address a determinative issue.

"Proper jury interrogatories must address determinative issues and must be based upon the evidence presented." *Ramage v. Cent. Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, paragraph three of the syllabus. In *Miller v. McAllister* (1959), 169 Ohio St. 487, 494, 8 O.O.2d 485, 489, 160 N.E.2d 231, 237, the Ohio Supreme Court defined "determinative issues" as "ultimate

---

1. Counsel for plaintiff asserted at oral argument that he did, in fact, timely object to the submission of the interrogatory, but failed to request that the interrogatory be redrafted. However, plaintiff's counsel admitted that his objection did not become part of the record on appeal. Therefore, we must proceed as if no objection were made.

issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury."

Because we have found that the prepositional phrase "on or before August 10, 1982," referred to defendant's conduct and not to when decedent had knowledge of his injury, Interrogatory No. 2 literally does not ask the question that needed to be asked in order to set aside the jury's verdict for plaintiff. We find that the interrogatory, as written, failed to address the determinative issue of the subject of the statute of limitations on plaintiff's survivorship claim. Therefore, the jury's answer to an ambiguous and nondeterminative question cannot be used to upset the clear findings of the jury in its general verdict.

Because we have determined that the latent grammatical ambiguity contained in Interrogatory No. 2 rendered that interrogatory ambiguous and nondeterminative, we find that the jury interrogatory meets the consistent and reconcilable test as set forth by the Ohio Supreme Court. The jury's special findings were consistent with the general verdict. Thus, the trial court's decision to set aside the general verdict and order a new trial on the survivorship claim was erroneous. We therefore sustain plaintiff's assignment of error. The jury verdict must be reinstated.

Since the trial court judgment is being reversed and remanded by our ruling upon plaintiff's assignment of error, defendant's assignment of error raised in its cross-appeal is rendered moot.

App.R. 12(A) requires a court of appeals to decide each assignment of error and give its reasons in writing, unless the assignment of error is rendered moot by a ruling on another assignment of error. Therefore, defendant's assignment of error raised in its cross-appeal is considered moot—neither sustained nor overruled—and is not ruled upon because of the sustaining of plaintiff's assignment of error.

For the foregoing reasons, plaintiff's assignment of error is sustained, defendant's assignment of error raised in its cross-appeal is rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby reversed and remanded to that court for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed
and cause remanded.*

PEGGY BRYANT, P.J., and TYACK, J., concur.