HURT, Appellant,

v.

BANK ONE, DAYTON, NA, Appellee.

[Cite as *Hurt v. Bank One, Dayton, NA* (1998), 129 Ohio App.3d 523.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17091.

Decided Aug. 21, 1998.

*Herbert Creech, Jr.,* for appellant.

*David P. Pierce,* for appellee.

FREDERICK N. YOUNG, Presiding Judge.

Alice Flo Hurt is appealing from the decision of the trial court rendering summary judgment in favor of defendant-appellee Bank One, Dayton, NA. Hurt sued Bank One after she allegedly found the contents of her safe deposit box missing. The uncontested facts of the matter are set forth succinctly in the decision of the trial court, as follows:

"Plaintiff Alice Flo Hurt ('Hurt') is a resident of Montgomery County and Defendant Bank One, Dayton, NA, ('Bank One') is a banking corporation doing business in Montgomery County. On September 21, 1981, Hurt and her hus-

band, Grover A. Hurt, rented a safe deposit box from Bank One at the Keowee Street branch in Dayton, Ohio.

"According to Bank One's records, Hurt accessed the safe deposit box on April 5, 1991. Bank One's policy prevents unauthorized entry into a safe deposit box by matching all access tickets with the customer's signature card, time stamping the access card, and requiring both the bank and the customer to have a key in order to open the box.

"Hurt alleges that her home was robbed on December 21, 1991, and that her purse, including her safe deposit box key, was stolen in that robbery. In addition, Hurt alleges that the bank was promptly notified of this theft. However, a perusal of the referenced police report indicates that a VCR was the only property reported stolen from the home.

"Between April 5, 1991 and March 12, 1997, Hurt did not attempt access to the safe deposit box. On November 30, 1995, Hurt's husband, Grover, died. On March 12, 1997, Hurt sought access to the safe deposit box. Because Hurt could not find her key, Bank One, with Hurt's agreement and presence, drilled open the safe deposit box. Hurt then examined the safe deposit box, which she found to be essentially empty—devoid of the alleged contents of jewels, family relics, and certain other valuable items.

"On May 27, 1997, Plaintiff filed a complaint alleging negligence/conversion. Defendant Bank One filed a motion for summary judgment alleging that no genuine issue of material fact exists and therefore, they are entitled to judgment as a matter of law."

Hurt brings to us the following sole assignment of error:

"The decision of the trial court in granting summary judgment for appellee was clearly erroneous as a matter of law and an abuse of discretion and should therefore be reviewed de novo and reversed."

A motion for summary judgment is an assertion by the moving party that no genuine issue of material fact exists, and that the remaining questions of law can only be decided in the movant's favor. Civ.R. 56(C). The trial court must "construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion." *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904, 907; Civ.R. 56(C). The propriety of summary judgment, therefore, is a question of law. *Children's Med. Ctr. v. Ward* (1993), 87 Ohio App.3d 504, 508, 622 N.E.2d 692, 695–696. Thus, an appellate court reviews a trial court's grant of summary judgment *de novo*. *Long v. Tokai Bank of California* (1996), 114 Ohio App.3d 116, 119, 682 N.E.2d 1052, 1054–1055.

■■■ An institution that leases a safe deposit box to a customer is not an insurer of the contents of the box. *Wilson v. Citizens Cent. Bank* (1936), 56 Ohio App. 478, 9 O.O. 482, 11 N.E.2d 118. The institution must exercise ordinary care in the absence of an agreement between the parties. *Id.* at 481, 9 O.O. at 484, 11 N.E.2d at 119–120. In this case, Bank One presented evidence by way of affidavits that it regularly matched all access tickets with customer signature cards, time-stamped the access cards, and required both the bank and the customer to have a key in order to open the box. These procedures were in place in order to be certain that only properly identified users of boxes had access to them. Hurt countered with an affidavit that on a few occasions Bank One employees allowed her access without "reviewing" her signature card, but, as she admits in her affidavit, that only happened when they "recognized me in person." A review is hardly necessary if identification is already established by recognition.

Hurt presented no facts that would support a reasonable inference that the bank did not exercise ordinary care.

■■■ While the authorities in Ohio are sparse on the issue, there is one relatively recent decision that is precisely on point and was relied upon by the trial court. In *Moynihan v. Fifth Third Bank of NW Ohio, NA* (Oct. 28, 1994), Lucas App. No. L–94–097, unreported, 1994 WL 590573, the court of appeals was presented with exactly the same set of facts as exist in this case, including the same "due care" procedures employed by the bank in monitoring access to the safe deposit box of its customer who claimed its contents were missing. The court held that summary judgment for the defendant was proper, and the trial court had not committed error in granting it. In *Moynihan,* as here, the appellant argued that the doctrine of *res ipsa loquitur* should apply, but the Lucas County Court of Appeals rejected that argument in *Moynihan* since the contents of the safe deposit box were never under the exclusive control of the bank. We also reject it here. Were we to hold otherwise, the institution would clearly be in the position of an insurer of the contents of all the safe deposit boxes and open to unlimited claims based upon customers' uncorroborated claims that contents of safe deposit boxes were missing. The institution would have to be found negligent any time contents of safe deposit boxes were alleged missing, and that is not the law. *Wilson, supra,* 56 Ohio App. at 481, 9 O.O. at 484, 11 N.E.2d at 119–120.

■■■ Although not mentioned by the trial court, its decision to grant summary judgment is also correct based upon the contract between the parties. The parties' relationship here was governed by a lease in writing entered into by both parties at the time Hurt obtained her safe deposit box. The lease specifically states, "[I]t is expressly understood that unauthorized opening shall not be

inferred from proof of partial or total loss of the contents." The relationship between the parties is governed by this agreement. *Becker v. BancOhio Natl. Bank* (1985), 17 Ohio St.3d 158, 17 OBR 360, 478 N.E.2d 776. Moreover, a bank by specific contract may limit its liability within reasonable bounds. *Blair v. Riley* (1930), 37 Ohio App. 513, 175 N.E. 210. All that Hurt alleged here was that the contents of the safe deposit box were in large part missing, and that is exactly the situation covered by the agreement between the parties that frees the bank from liability in that situation.

The assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.