DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joseph M. Stoll, appeals from a jury verdict in the Summit County Court of Common Pleas, which awarded damages to Appellee, Robert C. Coffman, on his personal injury claim. We affirm.
 I. {¶ 2} Two drivers, Mr. Stoll and Mr. Coffman, were approaching an intersection from opposite directions, each believing that he had the right of way. When Mr. Stoll attempted a left turn he collided with Mr. Coffman, resulting in extensive damage. Mr. Coffman sued and the case proceeded to a jury trial.
 {¶ 3} At the close of the evidence, the judge excused the jury and offered counsel the opportunity to object, correct or modify the proposed jury instructions and jury forms. Mr. Stoll's counsel objected to a certain instruction, but without insistence, rationale or explanation, and without any proffer of an alternative or modified instruction. Neither counsel opposed the general verdict form or the interrogatories. Thus, the court submitted the forms to the jury.
 {¶ 4} On its first attempt, the jury returned with a general verdict that was patently inconsistent with the interrogatories. Upon recognizing this defect, the trial judge ordered the jury back for further deliberation. On its second attempt, the jury again returned an inconsistent outcome. Once again, the judge ordered the jury back for further deliberation. Finally, on the third attempt, the jury returned an acceptable verdict and the judge accepted it. During each iteration, Mr. Stoll's counsel had requested the court poll the jury; however, polling was aborted each time upon the court's recognition of the inconsistent verdict.
 {¶ 5} Ultimately, the trial court entered judgment on the jury verdict, in favor of Mr. Coffman for $439,060. Mr. Stoll timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in denying defendant's motion for a new trial based upon the inconsistent responses of the jury to the three sets of interrogatories and verdict forms, and the court's failure properly to poll the jury."
 {¶ 6} Mr. Stoll alleges that he is entitled to a new trial, either for an error in reconciling the inconsistent results or in failing to poll the jury properly. Specifically, Mr. Stoll contends that, under these circumstances, a new trial was the only appropriate option to resolve the inconsistent verdicts. Additionally, Mr. Stoll argues that jury polling is not subject to discretion, and therefore a request necessitates not only that the jury be polled but that judgment be entered upon the jurors' concurrence, despite any inconsistency between the general verdict and the interrogatories. We disagree with both arguments.
 {¶ 7} Regarding general verdicts accompanied by answers to interrogatories, the Rules of Civil Procedure provide in pertinent part:
 "When one or more of the answers is inconsistent with the general verdict, [1] judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or [2] the court may return the jury for further consideration of its answers and verdict or [3] may order a new trial." (Numbers added.) Civ.R. 49(B).
Of these three options, the preferred choice is to order the jury to conduct further deliberation. Perez v. Falls Fin., Inc. (2000),87 Ohio St.3d 371, 375; Shaffer v. Maier (1994), 68 Ohio St.3d 416, 421-22. Furthermore, this choice is within the discretion of the trial court and will not be disturbed without an abuse of discretion. Irvine v. AkronBeacon Journal, 147 Ohio App.3d 428, 2002-Ohio-2204, at ¶ 25; Tasinv. SIFCO Indus., Inc. (1990), 50 Ohio St.3d 102, 106. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable," Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219; it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Id.
 {¶ 8} In the present case, the jury was instructed to return a general verdict, and if that verdict was for the plaintiff, to enter a dollar figure as compensation. The three interrogatories asked:
 1. "What was the total amount of damage sustained by the Plaintiff regardless of which party caused it?"
 2. "Did the Plaintiff commit an act of negligence which directly and proximately caused his own injury and damage?"
 3. "If your answer to Interrogatory No. 2 was `Yes,' enter below your finding as to the percent of negligence of each party which directly and proximately caused the injury and damage."
"The purpose of using interrogatories is to test the general verdict. The overall goal is to have the jury return a general verdict and interrogatory answers that complement that general verdict." (Internal citation omitted.) Colvin v. Abbey's Restaurant, Inc., 85 Ohio St.3d 535,538, 1999-Ohio-286.
 {¶ 9} On its first attempt, the jury returned a general verdict of $492,000, answered interrogatory one as $940,000, number two as "yes," and number three as Mr. Coffman 35% negligent and Mr. Stoll 65%. Mr. Coffman's counsel requested the court poll the jury. Immediately upon questioning the first juror, the judge realized that the verdict did not conform to the interrogatories, and therefore, asked the jurors to deliberate further. We find this to be the proper and prudent response. See Perez, 87 Ohio St.3d at 375; Shaffer, 68 Ohio St.3d at 421-22; Wagnerv. Rollercade II, Inc. (1983), 11 Ohio App.3d 199, 200.
 {¶ 10} On its second attempt, the jury returned a general verdict of $492,000, answered interrogatory one as $492,000, number two as "yes," and number three as Mr. Coffman 35% negligent and Mr. Stoll 65%. Mr. Coffman's counsel again requested the court poll the jury. Before beginning, the judge explained that the total verdict of $492,000 would be reduced by the amount of the plaintiff's negligence, 35%. In response, the jury foreman explained that the jury had been unaware of that reduction, and therefore, the second attempt was not their verdict. The judge dismissed the jury for the weekend, with instructions that they would reconvene for further deliberations on the following Tuesday morning. As this second verdict was inconsistent as well, we find further deliberations to be a proper and prudent response. See id.
 {¶ 11} On Tuesday morning, Mr. Stoll's attorney moved for a mistrial on the basis that the judge had improperly returned the jury for further deliberations and that the jury had failed to follow the instructions. The court denied the motion. Thereafter, the judge recalled the jury and provided them with a revised instruction. Specifically, the new instruction explained that the jury was to enter the same amount on the general verdict form and interrogatory number one, that being the total amount of damages sustained by Mr. Coffman regardless of cause, and that the court would calculate any reduction based on the percent negligence in interrogatory number three. The jury resumed deliberations.
 {¶ 12} On its final attempt, the jury returned a general verdict of $757,000, answered interrogatory one as $757,000, number two as "yes," and number three as Mr. Coffman 42% negligent and Mr. Stoll 58%. Neither counsel requested the court poll the jury, and the court accepted the verdict. Mr. Stoll's attorney moved for a mistrial, which the court denied. However, the court did put all three sets of verdict forms in the record to preserve the motion. In its ensuing judgment, the court performed its own calculation on the award, as it had explained in the modified jury instruction, reducing the $757,000 total verdict by 42% and awarding Mr. Coffman $439,060. On whole, we find this to be the proper and reasonable reconciliation of these verdicts. See id.
 {¶ 13} Finally, we note that, beyond contesting the inconsistent results, Mr. Stoll argues that that judgment should have been entered on the jurors' concurrence in the polling, despite any inconsistency between the general verdict and the interrogatories. We reject this notion.
"The court's duty was not to ignore this language, as appellant claims, but rather `it is the duty of the trial judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the court records.' Since the verdict appeared irregular on its face, and the jury's intent was not clear, the court acted within its discretion by resubmitting the case pursuant to Civ.R. 48." (Internal edits omitted.) Cooper v. Melnick (Feb. 14, 1991), 8th Dist. No. 57993, *7-8, quoting Barnes v. Prince (1974),41 Ohio App.2d 244, 245.
Accordingly, we find no abuse of discretion in the trial court's resolution of this issue. See Blakemore, 5 Ohio St.3d at 219; Pons,66 Ohio St.3d at 621. This assignment of error is overruled.
 B. Second Assignment of Error
"the trial court erred in denying defendant's request to instruct the jury on the definition of `right-of-way' which requires the purported right-of-way driver to be operating his/her vehicle in a lawful manner in order to maintain the right-of-way."
 {¶ 14} Mr. Stoll asserts that the trial court abused its discretion by failing to instruct the jury that the concept of right-of-way embodies a caveat that a driver may forgo that right by driving in an unlawful manner, in this case speeding. As a necessary predicate, Mr. Stoll urges that he preserved this error through a proper objection at trial. We disagree.
 {¶ 15} Regarding objections to jury instructions, the Rules of Civil Procedure provide in pertinent part:
 "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." (Emphasis added.) Civ.R. 51(A).
As explained:
 "This means that the party objecting to the instructions needs to be `exact and clear.' The purpose of this provision is to make certain that the court is aware of the precise point involved as the court is to be afforded every opportunity to remedy a deficiency in the instructions." 5 Ohio Civil Practice (2002), Section 179.04, citing Staff Note to Civ.R. 51(A) (July 1, 1972) and R.H. Macy Co., Inc. v. Otis Elevator Co. (1990), 51 Ohio St. 3d 108, 109-10.
Therefore, the Ohio Supreme Court has stated succinctly:
 "A party whose request for jury instructions fails to embody the correct law governing an issue, and who otherwise fails to comply with Civ.R. 51(A), waives his right to question the trial court's charge upon appeal." Presley v. City of Norwood (1973), 36 Ohio St.2d 29, paragraph two of the syllabus.
 {¶ 16} In the present case, the trial judge excused the jury at the close of the evidence and offered counsel the opportunity to object, correct or modify the proposed jury instructions. Mr. Coffman's counsel resubmitted a prior objection, which the court summarily denied before inviting Mr. Stoll's counsel to offer any objections. Mr. Stoll's counsel responded:
 "Your Honor, the only objection I have is the instruction on left turn. I believe there should be a right-of-way definition given with that."
Without specifically ruling, the court continued the discussion with counsel, ensuring that they would be available should the jury return a verdict. Mr. Stoll's counsel made no further objection, offered no rationale or explanation for the objection, sought no explicit decision, and tendered no language to satisfy his seemingly ambiguous request for a "right-of-way definition." Therefore, we concluded that Mr. Stoll failed to comply with Civ.R. 51(A), and therefore, waived his right to challenge the instruction on appeal. Presley, 36 Ohio St.2d at paragraph two of the syllabus. Mr. Stoll's second assignment of error is overruled.
 III. {¶ 17} Mr. Stoll's assignments of error are overruled. The verdict of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Court of Appeals of Ohio, Ninth Judicial District
Slaby, P.J. Baird, J. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)