TRASTER, EXRX., APPELLANT, *v.* STEINREICH, APPELLEE, ET AL.

(No. 12741 — Decided April 1, 1987.)

*Paul G. Perantinides* and *Elizabeth B. Manning,* for appellant.
*Robert F. Orth,* for appellee.

GEORGE, J. Harold E. Traster died January 20, 1982, eight days after undergoing surgery for rectal cancer. His wife, Clara, filed a wrongful death action against the hospital, a first-year resident employed by the hospital, and Dr. Otto Steinreich, M.D., the surgeon.

She alleged negligence both in the performance of the surgery and in postoperative care.

The hospital and resident settled prior to trial and were dismissed. The jury found for the surgeon in a general verdict, untested by interrogatories. The trial court denied motions for judgment notwithstanding the verdict and, in the alternative, a new trial. This court affirms the jury verdict for Dr. Steinreich.

## Assignment of Error I

"The trial court erred in not submitting to the jury instructions that would have provided direction to the jury on the issue of subsequent medical conduct under the appellee's supervision and the responsibility for that conduct."

At the request of the judge, both parties submitted proposed jury instructions. Counsel for Mrs. Traster requested the following charge, which was rejected by the court over counsel's objections:

"If a person suffers personal injuries by reason of a surgeon's negligence, and such harm is aggravated by the negligence, mistake, or lack of skill of a subsequent physician, then such aggravation is a proximate result of the negligence of the original surgeon, and he is liable therefor."

Traster, who was sixty-nine years old when he entered the hospital, had a history of emphysema and heart disease. The admitting physician, an internist, who was not a party to this action, requested consultation of a heart specialist and a pulmonologist to assist in preparing Traster for surgery. Although Traster was transferred to Dr. Steinreich's service on the day of surgery, both Dr. Steinreich and the admitting physician saw him regularly after the surgery and both physicians wrote orders for his care. Traster was also seen by various hospital staff physicians, including the resident originally named in the complaint.

Traster appeared to be recovering well the first few days after surgery, but then he began experiencing breathing difficulties and complained of chest pains. His condition worsened rapidly and on January 20, 1982, he died. No autopsy was performed.

The case was argued at trial on two theories of liability — *respondeat superior* and successive tortfeasor. The requested instruction is based on the latter. The successive tortfeasor rule holds that the original tortfeasor is liable for the negligence of subsequent tortfeasors whose acts are necessitated by the original negligence. *Tanner* v. *Espey* (1934), 128 Ohio St. 82, 190 N.E. 229. Thus, if the defendant was negligent in performing surgery and in the immediate follow-up care, he is liable for the negligence of subsequent caregivers. If the evidence presented tended to show negligence in surgery and in the immediate follow-up care, then the requested jury instruction would have been properly required.

The jury here, however, found for the defendant. The jury must have concluded that the defendant was not negligent in performing the surgery and in the immediate follow-up care. Thus, there was no harm in the failure to give the instruction on the successive tortfeasor theory. The first assignment of error is overruled.

## Assignment of Error II

"The trial court erred in not granting the appellant's motion for a judgment notwithstanding the verdict."

The standard for granting a motion for judgment notwithstanding the verdict is the same as that necessary to sustain a motion for a directed verdict. *Nickell* v. *Gonzalez* (1985), 17 Ohio St. 3d 136, 17 OBR 281, 477 N.E. 2d 1145:

" '* * * The evidence adduced at trial and the facts established by ad-

missions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon [the motion] * * *.' " *Id.* at 137, 17 OBR at 282, 477 N.E. 2d at 1147, citing *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275, 74 O.O. 2d 427, 430, 344 N.E. 2d 334, 338.

Therefore, if reasonable minds could reach different conclusions on the basis of the evidence adduced at trial and the admissions, when construed most strongly in favor of Dr. Steinreich, the trial court correctly denied the motion for judgment notwithstanding the verdict.

The basis of appellant's argument here is *respondeat superior.* She argues that Dr. Steinreich, as the physician in whose service Traster was listed, was responsible for the overall care of the patient and, thus, liable on a master-servant theory for the acts or omissions of the resident and the internist who admitted Traster to the hospital. But the record here does not establish a master-servant relationship and this is consistent with the jury's verdict.

A physician generally is not held liable for the acts or omissions of a hospital resident unless he is able to control the acts of that individual. 61 American Jurisprudence 2d (1981) 439, Physicians, Surgeons, and Other Healers, Section 289. See, also, *Baird* v. *Sickler* (1982), 69 Ohio St. 2d 652, 23 O.O. 3d 532, 433 N.E. 2d 593. In *Baird,* the Supreme Court indicated that a surgeon could be held liable for the negligence of a nurse anesthetist in intubating a patient in surgery where the surgeon directed the nurse as to the procedure he wanted to be used and he actually assisted in positioning the patient for the procedure.

While Dr. Steinreich acknowledged that he supervised the resident's care of Traster, the record indicates that Dr. Steinreich was not present when the resident saw Traster less than two hours before he died. The evidence indicates that the resident recognized the need to intubate the patient and to have him transferred to intensive care, but he did not act. When the resident called Dr. Steinreich, he was advised to check with the admitting physician, who Dr. Steinreich believed was managing the patient's respiratory condition. In view of this evidence, reasonable minds could differ as to the control Dr. Steinreich could exercise over the resident in the situation the resident faced that evening.

As to the acts or omissions of the internist (the admitting physician), a physician is not liable for the negligence or lack of skill of another physician who is treating the same patient concurrently unless he observes and fails to object to wrongful acts or omissions by that physician. *Wiley* v. *Wharton* (1941), 68 Ohio App. 345, 22 O.O. 567, 41 N.E. 2d 255, disapproved on other grounds in *Oleksiw* v. *Weidener* (1965), 2 Ohio St. 2d 147, 31 O.O. 2d 267, 207 N.E. 2d 375; 67 Ohio Jurisprudence 3d (1986) 64, 65, Malpractice, Section 46.

The evidence here indicates that Traster had multiple medical problems. Dr. Steinreich was asked to perform surgery for rectal cancer. He testified that both he and the admitting physician saw Traster daily after the surgery and that they both wrote orders for his care. Dr. Steinreich considered the respiratory problem which arose after the surgery to be outside his expertise and he deferred to the admitting physician in the treatment of respiratory problems. But he testified

that he conferred daily with the admitting physician and had suggested that a pulmonologist be called in to see Traster. Reasonable minds could well differ as to whether Dr. Steinreich had any liability here for the acts or omissions of another physician providing concurrent care for the patient.

In light of the above, the court cannot say that, construing the evidence most favorably to Dr. Steinreich, the evidence justified a judgment notwithstanding the verdict. Hence, the second assignment of error is overruled.

### Assignment of Error III

"The verdict for the defendant was manifestly against the weight of the evidence."

Appellant's argument under this assignment of error is limited to the period in which Traster's condition deteriorated rapidly. Mrs. Traster asserts that the standard of care owed by Dr. Steinreich was "to make sure his patient received the necessary specialized care and treatment" and that Dr. Steinreich did not meet this standard.

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. The jury here could have concluded that, in conferring daily with the internist, who was also actively involved in the patient's care, Dr. Steinreich met this standard of care. The third assignment of error is overruled and the judgment granted on the jury verdict is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.