BAUMAN, APPELLEE, *v.* SCHMITTER, APPELLANT.

(No. 56160—Decided November 3, 1989.)

*Roy Schwartz* and *Phillip A. Lawrence,* for appellee.

*Ronald V. Rawlin* and *Mark R. Bandsuch,* for appellant.

PATTON, J. Defendant-appellant, Albert Schmitter, appeals from a jury verdict rendered in favor of plaintiff-appellee, Jenny Bauman, in a negligence action evolving from an automobile collision.

Appellee was injured when appellant's automobile crossed the center line of a two-lane road and collided head-on with an automobile in which appellee was a passenger. Appellant denied negligence on the basis that he was confronted with a sudden emergency as he tried to avoid hitting a dog in his path. The jury found that although appellant was confronted by a sudden emergency which excused his negligence, appellant failed to exercise ordinary care under the totality of the circumstances. The jury awarded appellee $170,000 in damages. This appeal followed and appellant raises five assignments of error:

"I. The trial court erred in permitting counsel for plaintiff to suggest a monetary figure and to argue the mathematical formula of per diem damages for the first time in the rebuttal portion of his closing argument.

"II. The trial court erred in failing to charge the jury with a specific cautionary instruction as to the per diem argument by plaintiff's counsel.

"III. The trial court erred by entering judgment in favor of the plaintiff when the answers to interrogatories were inconsistent.

"IV. The trial court erred in denying defendant's motion for judgment notwithstanding the verdict.

"V. The trial court erred in denying defendant's motion for a new trial."

I

Appellant's first assigned error contends that he was prejudiced by statements appellee's counsel made for the first time during the rebuttal portion of closing argument over appellant's counsel's objection. Appellee's counsel was permitted to suggest (a) that $206,000 would compen-

sate appellee for her previous twenty months of pain and suffering and (b) that appellee's damages for future pain and suffering in an amount of roughly $200,000 could be derived by multiplying her life expectancy of fifty-eight years by $10 a day. This argument lacks merit.

In *Grossnickle* v. *Germantown* (1965), 3 Ohio St. 2d 96, 32 O.O. 2d 65, 209 N.E. 2d 442, the court, at paragraph one of the syllabus, states:

"In an action for personal injuries for which money damages for pain and suffering are recoverable, it is permissible for counsel for the injured party to suggest in argument a daily monetary amount which, when multiplied by a factor fairly representative of the probable duration of the pain and suffering, illustrates the basis for the total amount sought as compensation therefor, if the court instructs the jury that such argument is not to be received as evidence. Making such suggestion for the first time in closing argument exceeds the bounds of propriety but does not constitute prejudicial error if no objection is interposed on that ground."

"*Grossnickle* does not condemn the use of a mathematical formula * * * as a gauge to possible recoverable damages. * * *" *Bianchi* v. *Paliga* (Dec. 11, 1984), Mahoning App. No. 84 C.A. 37, unreported, at 12. *Grossnickle* "requires only that defense counsel be given an opportunity for rebuttal. * * *" *Weiss* v. *Team Trucking, Inc.* (Oct. 1, 1981), Cuyahoga App. No. 43380, unreported, at 3.

Many of the salient facts of the case *sub judice* are identical to those presented in *Grossnickle, supra,* at 98, 32 O.O. 2d at 66-67, 209 N.E. 2d at 444-445.[1] In his final closing argument to the jury, appellee's counsel, after describing the effect of her injuries, asked, "Is it worth ten dollars a day to go look at herself in the mirror?" Appellant's immediate objection was overruled.[2] Appellee's counsel then continued with the following:

"Well, then, we are talking about another two hundred thousand dollars. If you multiply it out, and if we put that on — let's say one hundred and eighty to two hundred thousand, let's say two hundred, since we are talking round figures, and if we add them up we are coming out with four hundred and six thousand dollars."

No further objection to this argument was interposed. Moreover, appellant's counsel did not request an opportunity to counter-argue.

On this state of the record, as in *Grossnickle, supra,* we can only say that the judgment here is not invalid merely because the argument was made in the absence of an objection and in the absence of a request by appellant to counter-argue. *Grossnickle, supra,* at 102, 32 O.O. 2d at 69, 209 N.E. 2d at 447; cf. *Penny* v. *Thurman* (1972), 34 Ohio App. 2d 190, 192, 63 O.O. 2d 319, 320, 297 N.E. 2d 555, 556 ("* * * [D]efendant cannot be heard to complain that he was denied his right to final argument where counsel voluntarily relinquished that right. * * *"). Moreover, the court cautioned the jury that closing arguments were not evidence. See *Weiss, supra,* at 3.

Further, we note that appellant was not prejudiced in the case *sub*

---

[1] Incidentally, we note that the *Grossnickle* court made a calculation error in measuring pain at a penny a second. The correct figure is $315,360 per year, not "$31,536." *Id.* at 100, 32 O.O. 2d at 68, 209 N.E. 2d at 446.

[2] Previously, appellee's counsel stated during his final closing argument that "he knew appellee's injuries were not worth a million dollars." At this point appellant's counsel objected on the basis of *Grossnickle, supra.* The court overruled the objection.

*judice* since no prejudice was found in *Grossnickle, supra,* when plaintiff's counsel suggested to the jury that his per diem formula was a fair estimate of the damages and the jury returned a verdict in an amount merely a few hundred dollars more than suggested. In the case *sub judice,* appellee's counsel informed the jury that they had to determine whether the formula he suggested provided too much or too little because the ultimate decision as to damages was with them. The jury awarded damages in an amount less than half of the amount suggested by appellee's counsel.

Accordingly, the first assigned error is overruled.

## II

Appellant's second assigned error argues that the court erred in failing to charge the jury with a specific cautionary instruction as to the per diem argument by appellee's counsel. This argument lacks merit.

Civ. R. 51(A) reads, in part, as follows: "A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its vedict * * *."

The appellant clearly had the opportunity to object to the jury instructions. The court read appellant's proposed jury instructions verbatim when it stated, "* * * [T]he opening statements and the closing arguments of counsel are designed to assist you, but they are not evidence." Clearly, appellant not only failed to object, but explicitly approved of the jury instructions. By such failure to object appellant waives the right to claim error under Civ. R. 51(A). *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001, paragraph one of the syllabus.

Accordingly, the second assigned error is overruled.

## III

Appellant's third and fourth assignments of error are interrelated and will be discussed jointly. In these assignments, appellant contends that the court erred by (a) entering judgment in favor of appellee and (b) denying appellant's motion for judgment notwithstanding the verdict because the jury's answers to interrogatories were inconsistent.

In cases invoking Civ. R. 49(B), the burden of proof is upon the party who challenges the general verdict to demonstrate that the answers to the interrogatories, considered as a whole, are inconsistent and irreconcilable with the general verdict. *Becker* v. *BancOhio National Bank* (1985), 17 Ohio St. 3d 158, 162-163, 17 OBR 360, 363, 478 N.E. 2d 776, 781, citing *Prendergast* v. *Ginsburg* (1928), 119 Ohio St. 360, 164 N.E. 2d 345, and *Hogan* v. *Finch* (1966), 8 Ohio St. 2d 31, 37 O.O. 2d 379, 222 N.E. 2d 633; *Szymczak* v. *Neale Phypers Corp.* (Feb. 23, 1989), Cuyahoga App. No. 55050, unreported, at 4-7. We find that appellant has not sustained his burden.

The two interrogatories in question, Interrogatory Nos. 3 and 4, read as follows:

"INTERROGATORY NO. 3:

"Q. Do you find that the [appellant] was confronted by a sudden emergency over which he had no control which thereby excused his negligence?

"A. Yes."

"INTERROGATORY NO. 4:

"Q. In the event that the [appellant] was confronted by a sudden emergency, do you find that he otherwise failed to exercise ordinary care under all circumstances?

"A. Yes."

Appellant claims that the jury's determination in the third interrogatory that he was excused of negligence *per se* because his automobile went left of the center line

when he was confronted with a sudden emergency, *i.e.,* a dog in his path, is inconsistent with the jury's determination in the fourth interrogatory, as well as the general verdict, that appellant failed to exercise ordinary care under all the circumstances. Reviewing all the interrogatories as a whole, we find that the answers to the interrogatories are not inconsistent and irreconcilable with the general verdict.[3] Within the first two interrogatories the jury determined that appellant's negligence proximately caused appellee's injuries. According to the third interrogatory the jury then determined that the appellant was excused of negligence *per se* for crossing the center line due to a sudden emergency. However, in the fourth interrogatory the jury concluded appellant was negligent once he crossed the center line because he did not exercise ordinary care under all the circumstances. The record shows that the collision between appellant's vehicle and appellee's oncoming vehicle did not occur instantaneously once appellant crossed over the center line. Appellant testified that he was not aware of any oncoming vehicles until the collision occurred. Appellant's car was skidding sideways to the left and appellant tried to cut the wheel back to the right prior to impact. Appellant stated that he was not aware that there was a road to the left-hand side where his car was originally directed when he crossed the center line. Thus, appellant had the choice of either continuing to the left or cutting the car back to the right although it was skidding to the left.

In summary, the jury excused appellant of negligently crossing the center line because he was confronted with a sudden emergency. However, once appellant crossed the center line and was within appellee's lane the jury found appellant did not exercise ordinary care under all the circumstances.

Accordingly, we find that since reasonable minds could reach different conclusions on the basis of the evidence adduced at trial, when construed most strongly in favor of appellee, the court correctly denied the motion for judgment notwithstanding the verdict. *Traster* v. *Steinreich* (1987), 37 Ohio App. 3d 99, 100-101, 523 N.E. 2d 861, 863.

Consequently, the third and fourth assigned errors are overruled.

## IV

We need only summarily address appellant's fifth assigned error, which argues the court erred by denying appellant's motion for new trial, because we have already determined the issues presented therein. First, appellant's argument that he is entitled to a new trial pursuant to Civ. R. 59(A)(6) and (7) because the jury's answers to interrogatory numbers three and four are inconsistent is overruled. Next, appellant's argument that he is entitled to a new trial pursuant to Civ. R. 59(A)(4)[4] and (9) due to appellee's improper rebuttal argument is overruled.

---

[3] Moreover, we note from the record that the interrogatories submitted by the court followed verbatim appellant's proposed jury instructions which were read to the jury. Therefore, assuming arguendo that inconsistencies existed, such inconsistencies were caused by the appellant. Further, when asked by the court, "Is there anything further by way of additions or deletions to the charge, *the interrogatories, the general verdict forms,* on behalf of [appellant]?," the appellant replied, "None, your honor." Therefore, appellant's failure to timely object to the interrogatories waived any error concerning their alleged inconsistencies. See *Schade, supra.*

[4] Further, regarding appellant's claim that appellee received excessive damages, we have previously noted that appellee was awarded damages in an amount less than half the amount prayed for.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, C.J., and STILLMAN, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.