**HATALA et al., Appellants,**

v.

**CRAFT; Brannigan, Appellee.**

[Cite as *Hatala v. Craft*, 165 Ohio App.3d 602, 2006-Ohio-789.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 280.

Decided Feb. 17, 2006.

Rossi & Rossi and Thomas R. Wright, for appellants.

Pfau, Pfau & Marando, William E. Pfau III, and John A. Ams, for appellee.

WAITE, Judge.

{¶ 1} Appellants Donald and Carol Hatala appeal the decision of the Mahoning County Court of Common Pleas to grant summary judgment to the defendant in a case involving a multicar accident. The vehicle of Mary Ellen Brannigan, appellee, was struck by another vehicle and caused her car to lose control and strike appellants' car. The court decided that appellee's affidavit established the defense of sudden emergency and granted summary judgment in her favor. Appellants contend that there are material facts in dispute regarding this sudden-emergency defense. Appellants did not provide any evidence in rebuttal, and thus, summary judgment was appropriate and the decision of the trial court is affirmed.

{¶ 2} There does not appear to be any dispute about most of the facts of this case. On March 6, 2002, Brannigan was traveling southbound on State Route 170, near Poland, Ohio, when her car was broadsided by another vehicle. The other car was driven by Patricia Craft, who failed to heed the stop sign at the intersection of Omar Street and State Rt. 170, hitting Brannigan's car on the driver's side at the rear passenger door. Brannigan's car was pushed off the road into some mailboxes, but continued moving southward. While this event was occurring, appellants were traveling northbound on State Rt. 170. As Brannigan's car continued traveling southbound, it fishtailed back and forth, then

crossed the center line and struck appellants' car. Appellants sustained numerous injuries in the collision.

{¶ 3} Appellants filed their complaint on August 21, 2003, naming three defendants: Patricia Craft, Mary Ellen Brannigan, and Insura Property & Casualty Insurance.

{¶ 4} On July 2, 2004, appellants dismissed Insura Property & Casualty Insurance from the case.

{¶ 5} On July 12, 2004, Brannigan filed a motion for summary judgment, arguing that she was excused from liability due to a sudden emergency. In support of the motion, she attached her own affidavit setting forth the circumstances of the accident.

{¶ 6} On September 17, 2004, the trial court granted Brannigan's motion for summary judgment, but this judgment entry was vacated by mutual consent on September 23, 2004, in order to allow appellants to respond to the motion.

{¶ 7} On September 23, 2004, appellants filed a response. They argued that Brannigan was negligent per se for crossing the center line and causing the accident and that Brannigan had not met her burden of proof to establish the defense of sudden emergency. Appellants did not file any evidence in support of their argument.

{¶ 8} On October 4, 2004, Brannigan filed a supplement to her motion for summary judgment and filed a second affidavit in support.

{¶ 9} On November 19, 2004, appellants dismissed their claim against Patricia Craft after reaching a settlement with her. Brannigan was left as the only remaining defendant in this case.

{¶ 10} On November 23, 2004, the trial court granted summary judgment to Brannigan, finding that she had established the sudden-emergency defense.

{¶ 11} This timely appeal was filed on December 17, 2004. Appellants and Brannigan have both filed briefs.

## Summary–Judgment Standard

{¶ 12} This appeal challenges a summary-judgment ruling. An appellate court reviews de novo the decision to grant a motion for summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most

favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 13} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis in original.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293, 662 N.E.2d 264.

## ASSIGNMENT OF ERROR

{¶ 14} "The trial court erred in granting summary judgment in favor of appellee who was negligent *per se,* causing injury to appellants. Appellee's affidavit fails to establish the affirmative defense of sudden emergency."

{¶ 15} Appellants' argument, in a nutshell, is that the validity of Brannigan's defense of sudden emergency is for a jury to decide and is not an issue to be decided in summary judgment. Appellants contend that they were not required to provide any rebuttal evidence to Brannigan's affidavits because the sudden-emergency defense, by its very nature, should not be resolved in summary judgment. Appellants also contend that Brannigan's affidavits do not, in and of themselves, establish the defense of sudden emergency. For the following reasons, appellants' arguments are not persuasive.

{¶ 16} There does not seem to be any dispute that Brannigan was broadsided by Patricia Craft's vehicle, was pushed off to the side of State Route 170, hit some mailboxes, and continued moving southward on State Route 170. There is also no dispute that Brannigan crossed the center line and struck appellants' vehicle and, thus, violated a traffic law. Whether Brannigan's actions constitute actionable negligence, though, depends on a number of factors, some of which are not taken into account in appellants' analysis.

{¶ 17} Appellants' claim against Brannigan is a basic negligence claim. "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198.

{¶ 18} Normally, when a legislative enactment imposes a specific duty for the safety of others, a violation of that statute constitutes negligence per se. Id. The negligence-per-se rule is regularly applied to cases in which a vehicle crosses

the center line of a highway and causes an accident. *Zehe v. Falkner* (1971), 26 Ohio St.2d 258, 55 O.O.2d 489, 271 N.E.2d 276; *Bauman v. Schmitter* (1989), 54 Ohio App.3d 51, 560 N.E.2d 827.

{¶ 19} It is well established, though, that "[n]egligence *per se* does not equal liability *per se*. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 318, 15 OBR 444, 473 N.E.2d 827; see, also, *Hitchens v. Hahn* (1985), 17 Ohio St.3d 212, 214, 17 OBR 447, 478 N.E.2d 797; *Hurst v. Ohio Dept. of Rehab. & Corr.* (1995), 72 Ohio St.3d 325, 650 N.E.2d 104.

{¶ 20} A defendant may avoid liability for negligence in violating a traffic safety statute if a sudden emergency is found to have been the proximate cause of the accident. "In a negligence action, the so-called 'emergency doctrine' applies only where there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation and does not comprehend a static condition which lasted over a period of time." *Miller v. McAllister* (1959), 169 Ohio St. 487, 8 O.O.2d 485, 160 N.E.2d 231, paragraph six of the syllabus.

{¶ 21} Thus, in order to avoid liability for injuries resulting from a failure to comply with a safety statute regulating the operation of a motor vehicle on the public highways, the defendant must show that an emergency occurred, that the defendant did not create the emergency, and that it was impossible to comply with the safety statute due to the emergency. *Mapes v. Opper* (1983), 9 Ohio App.3d 140, 141, 9 OBR 205, 458 N.E.2d 892. A self-created emergency, one arising from the defendant's own conduct or from circumstances under his or her control, cannot serve as an excuse. *Id.*

{¶ 22} Some types of sudden-emergency defenses do not easily lend themselves to resolution in summary judgment. This court recently reversed a decision to grant summary judgment to a defendant who asserted that she had blacked out while driving, creating an emergency and causing an accident. *Ciccarelli v. Miller*, 7th Dist. No. 03 MA 60, 2004-Ohio-5123, 2004 WL 2334378. In cases involving a sudden blackout, the credibility of the defendant is often the only crucial issue to be resolved at trial because only the defendant really knows if and when the blackout occurred. It is very difficult for a court to conclude that a defendant's unverifiable testimony must be believed as a matter of law. The plaintiff's evidence in *Ciccarelli* also tended to question the defendant's credibility, and there were a number of disputed facts about whether the defendant

should have foreseen the possibility of blacking out while she was driving. Given this circumstance, summary judgment was inappropriate in *Ciccarelli*.

{¶ 23} *Ciccarelli* is instructive in reviewing the instant appeal, in part because the plaintiff in *Ciccarelli* did not rely on purely legal arguments to overcome summary judgment, but presented considerable evidence to challenge the defendant's sudden-emergency defense and to challenge her credibility. Appellants, in contrast, are simply relying on a blanket legal conclusion that summary judgment is never appropriate when the sudden-emergency defense is raised.

{¶ 24} The instant case does not involve nearly as difficult a situation to resolve as a sudden blackout. Brannigan's defense of sudden emergency is based in large part on concrete factual circumstances that are not in dispute—namely, that Brannigan's vehicle was struck by another vehicle, which then pushed her car off the road and which led to her subsequent accident with appellants. We do not need to rely on the defendant's word alone that she was struck by another vehicle and was forced out of control onto the side of State Route 170. Appellants essentially agree with these facts. It is only the circumstances following the first impact that appellants appear to dispute in their brief, but they did not offer any evidence to the trial court to substantiate their case. Brannigan stated in her second affidavit that she had no control over her vehicle after the initial impact, that she had tried to regain control over her vehicle, and that the second impact with appellants' vehicle took place only seconds after the first impact. These are all facts that could have been disputed by appellants but were not. Appellants did not submit any evidence to describe the manner in which Brannigan was driving before or after the first impact, how much time elapsed between the first and second impact, or how fast the cars were traveling. Appellants did not present any observations of any other witnesses, nor did they submit any evidence setting forth their own perspective of the accident. They did not present anything that would undermine in any way the affidavits submitted by Brannigan. When a defendant sets forth verifiable evidence that it was impossible to comply with a traffic-safety statute, and when the plaintiff fails to produce any evidence to rebut those facts, it would appear that summary judgment is appropriately granted to the defendant. *Vinci v. Heimbach* (Dec. 17, 1998), 8th Dist. Nos. 73440 and 73464, 1998 WL 895381; *Griffith v. Hoile* (Jan. 12, 1998), 3rd Dist. No. 5–97–23, 1998 WL 12682.

{¶ 25} Appellants contend that a credibility issue is raised simply by the fact that Brannigan submitted two different affidavits. This might have been a valid argument had the affidavits contradicted one another, but they do not. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123. The only material difference between the two affidavits is that the latter affidavit added the following sentence:

{¶ 26} "7. In attempting to regain control of my vehicle, I applied my brakes and turned the steering wheel with the intent of avoiding a collision with a van traveling northbound on [State Route 170], but none of these efforts prevented the collision[.]"

{¶ 27} Both affidavits state that Patricia Craft's vehicle ran through a stop sign, struck Brannigan's vehicle, and pushed Brannigan off the road. Both affidavits state that Brannigan fishtailed back onto State Route 170 while she attempted to regain control, but that she could not regain control of her vehicle after the first impact and that the second impact occurred within seconds of the first. Although the affidavits are brief, they present a complete and consistent picture of the accident.

{¶ 28} In this case, Brannigan has rebutted the presumption of negligence per se by presenting evidence that a sudden emergency caused the second impact with appellants. There is no dispute that Brannigan was struck by another vehicle, which caused her to lose control of her vehicle. Brannigan presented evidence that the second impact happened within seconds of the first impact and that she never regained control of her vehicle, despite her best efforts. Appellants have not contested any of these assertions, and there is no reasonable interpretation of the facts presented by Brannigan that would allow for judgment in appellants' favor. Therefore, summary judgment in favor of Brannigan was appropriate. We therefore overrule appellants' assignment of error, and the judgment of the trial court is affirmed.

Judgment affirmed.

DONOFRIO, P.J., and DEGENARO, J., concur.