[Cite as *Gallick v. Benton*, 2018-Ohio-4340.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John J. Gallick, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-171 |
| v. | : | (M.C. No. 2017CVI-011382) |
| Michael Benton et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

## D E C I S I O N

### Rendered on October 25, 2018

**On brief:** *John J. Gallick*, pro se. **Argued:** *John J. Gallick*.

**On brief:** *Law Office of Daniel P. Whitehead*, and *Alix J. West*, for appellee Michael Benton. **Argued:** *Alix J. West*.

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Plaintiff-appellant, John J. Gallick, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, in favor of defendant-appellee Michael Benton. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 17, 2016, appellee was driving himself and his two passengers to a wedding in the German Village area of Columbus, Ohio. Appellee testified at trial that he was traveling around 30 miles per hour ("mph") as he operated his Lincoln Town Car westbound on East Livingston Avenue. According to appellee, as his vehicle reached the intersection with Bulen Avenue, one of the passengers exclaimed "look out." (Tr. at 32.) Appellee testified that before he could turn to see what was coming, his vehicle was struck on the passenger side by another vehicle and turned perpendicular to East Livingston

Avenue.  Appellee's vehicle was propelled over the curb, through a fence and some shrubs, and into a building owned by appellant.  The operator of the van that struck appellee's vehicle, Julien Obey, was cited for failure to yield at a stop sign.  Appellee was not cited.

{¶ 3}   Appellee testified after the initial collision, he remembered "grabbing the wheel with both hands and, you know, slamming on my brakes.  But, again, once I was up over the sidewalk, I was in the grass.  So, you know, we had no traction at all to get stopped." (Tr. at 34.)  Appellee testified there was nothing else he could have done to avoid striking appellant's building.  He disagreed with appellant's complaint which characterized the impact between the two vehicles as a "glancing blow."  (Tr. at 36.)

{¶ 4}   Appellant testified he is the owner of the building struck by appellee's vehicle at 1704 East Livingston Avenue.  The building contains several residential and commercial rental units.  He did not witness the accident.  According to appellant, his building is not insured, and he has sustained a loss of rental income and repair costs as a result of this incident, which he estimated at $7,125.

{¶ 5}   Appellant presented the testimony of Barry Matie, a business acquaintance who occasionally performs work for appellant.  According to Matie, he was driving his vehicle near the intersection in question when he pulled over to receive a text message.  He was about 30 feet from the southeast corner of the intersection of Bulen Avenue and East Livingston Avenue.  Matie saw a van drive past his parked vehicle heading north on Bulen Avenue and traveling about 25 mph as it proceeded toward the intersection with East Livingston Avenue.  He observed the van strike the right front portion of a Lincoln Town Car in the middle of the intersection.  Matie estimated the speed of the car at approximately 35 mph just before the collision.  He did not see the van's break lights come on before the crash.

{¶ 6}   According to Matie, the Town Car veered 90 degrees across Livingston Avenue, over the curb, through a fence, and then into the building at 1704 East Livingston Avenue.  Matie estimated that 10 to 15 seconds elapsed between the time the van struck the Town Car and the time the Town Car impacted appellant's building.  He estimated the distance between the point of impact and appellant's building at 92 to 95 feet, and he testified that he later confirmed that estimate by measurement.  Matie stated that he also viewed the grassy area where appellee's vehicle had ended up after leaping the curb, but he did not see any skid marks or torn up turf.

{¶ 7}   According to Matie, he spoke with the van's driver after the accident and that the man told him he was uninsured.  Matie insisted that he spoke with the police who investigated the accident, but he was never contacted thereafter.  Matie was not aware that he was not listed as a witness to the accident on the original police accident report.

{¶ 8}   Appellant brought suit in small claims court against appellee and appellee's insurer, Geico Casualty Company ("Geico"), alleging negligence.  Appellee and Geico filed a motion for partial summary judgment.  Appellee argued the only reasonable conclusion to be drawn from the evidence was that appellee was faced with a sudden emergency when his vehicle was struck by Obey's vehicle, which had failed to heed a stop sign, and that appellee was not liable to appellant, as a matter of law.  Appellant filed a memorandum in opposition and a cross-motion for summary judgment wherein appellant argued that appellee waived the affirmative defense of sudden emergency by failing to specifically assert the defense in his answer.  Appellant's theory of liability was that Obey's vehicle struck only a glancing blow to appellee's vehicle and that appellee panicked and hit the gas instead of the brake.  Appellant has also alleged that the brakes on the Town Car were faulty.  Appellant maintains that appellee violated several traffic safety statutes when he drove his vehicle off the roadway, over the curb, through the fence and some shrubs, and into his building.

{¶ 9}   As a result of a May 17, 2017 conference, a court magistrate issued an order denying both appellant's and appellee's motions for summary judgment, granting Geico's motion for summary judgment, and granting appellant leave to amend his complaint to add Obey as a defendant.[1]

{¶ 10}  Appellant thereafter filed an amended complaint against appellee and Obey alleging negligence.  Appellee filed an answer and a cross-claim against Obey alleging that Obey's negligence was the sole proximate cause of the damage to appellant's property and seeking indemnification and/or contribution.  Appellant never obtained service of process on Obey.

{¶ 11}  A court magistrate conducted a trial of the matter on September 20, 2017.  In a decision issued on January 2, 2018, the magistrate concluded appellee was not liable to appellant for the damage to his building caused by appellee's alleged violations of the

---

[1] No appeal has been taken from the judgment for Geico.

vehicle traffic laws because appellee acted reasonably when confronted with a sudden emergency that made compliance impossible. The magistrate found that appellee had not waived the defense of sudden emergency by failing to specifically assert the defense in his answer.

{¶ 12} Appellant timely filed objections to the magistrate's decision. On February 14, 2018, the trial court overruled appellant's objections, adopted the magistrate's decision as its own, and entered judgment for appellee. Appellant timely appealed to this court from the trial court's February 14, 2018 judgment entry.

## II. ASSIGNMENTS OF ERROR

{¶ 13} Appellant assigns the following as trial court error:

[1.] The court below erred when it determined that counsel for Defendant-Appellee, a member of the bar, did not have to abide by the Rules of Civil Procedure and plead the defense of sudden emergency in the Defendant's pleadings/answers to the complaint.

[2.] The court below erred by placing the entire burden of proof upon Plaintiff-Appellant when the burden must shift to the Defendant-Appellee to prove a defense of sudden emergency.

[3.] The court below erred by failing to determine that Appellee did not prove the defense of sudden emergency.

[4.] The court below erred by not finding Defendant-Appellee negligent for violating multiple safety statutes while driving his vehicle into Plaintiff-Appellant's building.

[5.] The court below erred by finding that Appellee's vehicle became a "projectile" after the initial collision in the intersection that caused Appellee's car to strike Appellant's building is against the manifest weight of the evidence nor is it sufficiently supported by the evidence.

[6.] The court below erred by failing to give proper weight to all of the evidence presented at the hearing but instead rendered a one-sided fact-finding in favor of the Appellee.

[7.] The court below erred by not attributing at least a percentage of the fault to the damage sustained to the Appellant's building to the Appellee.

### III. STANDARD OF REVIEW

{¶ 14} "Civ.R. 53(D)(4)(d) provides that '[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.' 'In reviewing objections to a magistrate's decision, the trial court must make an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." ' " *Zidron v. Metts*, 10th Dist. No. 15AP-1049, 2017-Ohio-1118, ¶ 14, quoting *Randall v. Eclextions Lofts Condominium Assn.*, 10th Dist. No. 13AP-708, 2014-Ohio-1847, ¶ 7, quoting Civ.R. 53(D)(4)(d).

{¶ 15} "If objections are filed, a trial court undertakes a de novo review of a magistrate's decision." *Meccon, Inc. v. Univ. of Akron*, 10th Dist. No. 12AP-899, 2013-Ohio-2563, ¶ 15, citing *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15. The appellate court applies an abuse of discretion standard when it reviews a trial court's adoption of a magistrate's decision. *Meccon* at ¶ 15. "A court of appeals may only reverse a trial court's adoption of a magistrate's decision if the trial court acted unreasonably or in an arbitrary manner." *Zidron* at ¶ 15, citing *Meccon* at ¶ 15.

### IV. LEGAL ANALYSIS

{¶ 16} In each of appellant's assignments of error, appellant criticizes the trial court's reliance on the sudden emergency doctrine in finding for appellee. "The defense of sudden emergency is applicable in negligence cases where a driver is claimed to be negligent per se for violating a specific statute." *Columbus v. McCash*, 10th Dist. No. 11AP-1118, 2012-Ohio-3167, ¶ 11, citing *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 27. "Under the defense, the driver may avoid liability for a statutory violation by showing that (1) compliance with the statute was rendered impossible (2) by a sudden emergency (3) that arose without the fault of the party asserting the excuse (4) because of circumstances over which the party asserting the excuse had no control, and (5) the party asserting the excuse exercised such care as a reasonably prudent person would have under the circumstances." *McCash* at ¶ 11, citing *Timberlake* at ¶ 27, citing *Steffy v. Blevins*, 10th Dist. No. 02AP-1278, 2003-Ohio-6443, ¶ 27. "The party asserting the legal excuse bears the burden of proving all elements by a preponderance of the evidence." *Steffy* at ¶ 27, citing *Bush, Admr. v. Harvey Transfer Co.*, 146 Ohio St. 657, 664-65 (1946).

### A.  Appellant's First Assignment of Error

{¶ 17}  In appellant's first assignment of error, appellant argues the trial court erred when it determined that appellee did not waive the defense of sudden emergency by failing to specifically plead the defense in his answer to appellant's complaint.  We disagree.

{¶ 18}  Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense."  Civ.R. 12(B) dictates how certain defenses are presented, and it provides in relevant part that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required."

{¶ 19}  Appellee argues that Civ.R. 8 did not require appellee to plead the defense of sudden emergency in order to preserve the defense for trial because the civil rules do not apply in small claims matters under R.C. Chapter 1925.  We agree.

{¶ 20}  Civ.R. 1 defines the scope of the Ohio Rules of Civil Procedure, and it provides that "[t]hese rules * * * shall not apply to procedure * * * in small claims matters under Chapter 1925 of the Ohio Revised Code."  Civ.R. 1(C)(4).  Consequently, Civ.R. 8(C) did not affect a waiver of the defense of sudden emergency in this case.  Moreover, even if the civil rules did apply to this matter, we find appellee's failure to specifically assert the defense in his answer did not waive the defense for purposes of trial because the record shows appellant was well aware that appellee intended to rely on sudden emergency as a defense to appellant's claims, and appellant had a full and fair opportunity to present evidence and arguments in opposition to the defense at trial.

{¶ 21}  Civ.R. 1(B) provides that pleadings should be construed "to effect just results."  Here, appellee's answer contains the following affirmative defense: "Plaintiff's damages * * * were caused by parties other than this Defendant, for which this Defendant is not liable."  (June 5, 2017 Answer at ¶ 13.)  Though appellee's answer does not specifically mention "sudden emergency," appellee's answer gave appellant notice that appellee would be claiming that Obey's negligence was the sole proximate cause of his harm.  Additionally, appellee expressly relied on the doctrine of sudden emergency as the basis for a judgment in his favor in appellee's memorandum in support of his motion for summary judgment.  In opposition to appellee's motion for summary judgment, appellant asserted his waiver

argument, and he also produced evidence and argument in opposition to appellee's claim of sudden emergency.

{¶ 22} The magistrate concluded that appellee had not waived the affirmative defense of sudden emergency by failing to specifically reference the defense in his answer. On this record, we cannot say that the trial court abused its discretion when it adopted the magistrate's conclusion. Accordingly, we overrule appellant's first assignment of error.

### B.  Appellant's Second Assignment of Error

{¶ 23} In appellant's second assignment of error, appellant contends both the magistrate and the trial court erroneously required him to disprove appellee's claim of sudden emergency. In other words, appellant claims the magistrate and the trial court impermissibly shifted the burden to him regarding an affirmative defense. We disagree.

{¶ 24} Appellant's argument depends on a single sentence of the magistrate's decision appearing at the outset of the magistrate's "conclusions of law," wherein the magistrate states appellant "bears the burden of proof to establish * * * [appellee] is legally responsible to him for the damage caused to the [appellant's] building." (Jan 2, 2018 Mag.'s Decision at 3.) Appellant claims this sentence shows that the magistrate shifted the burden of disproving sudden emergency to appellant. The magistrate, however, subsequently stated in his decision that "the Doctrine of Sudden Emergency would apply as an affirmative defense in order to protect [appellee] from liability" and that "an operator of a motor vehicle who has failed to comply with a safety statute * * * may excuse such failure * * * by establishing that * * * compliance with the statute was rendered impossible." (Internal quotation omitted.) (Mag.'s Decision at 5.) The magistrate went on to conclude that "[appellee] has sufficiently established that here." (Mag.'s Decision at 5.)

{¶ 25} Our review of the entirety of the magistrate's decision convinces us that the magistrate placed the burden on appellant to prove the elements of his negligence claim but that the magistrate placed the burden of proving the affirmative defense of sudden emergency squarely on appellee. Thus, the trial court did not abuse its discretion when it adopted the magistrate's findings and conclusions on waiver. Appellant's second assignment of error is overruled.

**C. Appellant's Third, Fourth, Fifth, Sixth, and Seventh Assignments of Error**

{¶ 26} In appellant's third, fourth, fifth, sixth, and seventh assignments of error, appellant challenges the trial court's conclusion that the sudden emergency doctrine excused any violation of the traffic laws by appellee. In each of these assignments of error, appellee argues, for slightly different reasons, that the weight of the evidence did not support the trial court's finding that appellee's vehicle struck appellant's building as a result of a sudden emergency and not as a result of any unexcused negligence on the part of appellee. Accordingly, we will consider these assignments of error together.

{¶ 27} Appellant alleges that appellee violated several vehicle safety statutes after his vehicle was impacted by Obey's van and that appellee's conduct following the first impact constitutes negligence per se. For example, appellant alleges that during the course of this incident appellee failed to control his vehicle in violation of R.C. 4511.202, recklessly operated his vehicle in violation of R.C. 4511.20, and failed to maintain an assured clear distance ahead in violation of R.C. 4511.21. Appellant acknowledges that appellee was not cited for any of these alleged violations.

{¶ 28} There is no question, however, that a violation of a vehicle safety statute, including a violation of the assured clear distance ahead provision of R.C. 4511.21, may constitute negligence per se. *Hale v. State Farm Mut. Auto. Ins. Co.*, 5th Dist. No. 2017CA00223, 2018-Ohio-3035, ¶ 11, citing *Cox v. Polster*, 174 Ohio St. 224, 226 (1963). In fact, the "negligence per se rule is regularly applied to cases in which a vehicle crosses the center line of a highway and causes an accident." *Hatala v. Craft*, 165 Ohio App.3d 602, 2006-Ohio-789, ¶ 18 (7th Dist.), citing *Zehe v. Falkner*, 26 Ohio St.2d 258 (1971); *Bauman v. Schmitter*, 54 Ohio App.3d 51 (8th Dist.1989).

{¶ 29} In *Hatala,* appellee was traveling southbound on State Route 170 when her car was broadsided by another vehicle whose driver failed to obey a stop sign. Appellee's car was pushed off the road into some mailboxes but continued moving southward before crossing the center line before striking appellants' vehicle and causing personal injuries. Appellants brought suit against appellee alleging negligence per se.

{¶ 30} The Seventh District Court of Appeals affirmed the trial court decision to grant summary judgment in favor of appellee. The Seventh District relied on appellee's undisputed affidavit wherein appellee averred that she had no control over her vehicle after

the initial impact, that she tried to regain control over her vehicle, and that the second impact with appellants' vehicle took place only seconds after the first impact. The Seventh District noted:

> These are all facts that could have been disputed by Appellants but were not. Appellants did not submit any evidence to describe the manner in which Appellee was driving before or after the first impact, how much time elapsed between the first and second impact, or how fast the cars were traveling. Appellants did not present any observations of any other witnesses, nor did they submit any evidence setting forth their own perspective of the accident. They did not present anything that would undermine in any way the affidavits submitted by Appellee.

*Id.* at ¶ 24.

{¶ 31} The *Hatala* case arises under similar facts to the instant case. Here, as was the case in *Hatala*, appellee's testimony, if believed, established the affirmative defense of sudden emergency. Appellee testified that after the initial collision, he remembered "grabbing the wheel with both hands and, you know, slamming on my brakes. But, again, once I was up over the sidewalk, I was in the grass. So, you know, we had no traction at all to get stopped." (Tr. at 34.) Appellant testified there was nothing else he could have done to avoid striking appellant's building. He disagreed with appellant's complaint which characterized the impact between the two vehicles as a "glancing blow." (Tr. at 36.)

{¶ 32} Unlike the *Hatala* case, appellant herein presented the testimony of an eyewitness to the accident in an effort to support his claim that appellee did not act reasonably following the collision with Obey's vehicle. Matie estimated that Obey's van was traveling 25 mph and that appellee's vehicle was traveling 35 mph at the time of the initial collision in the intersection. Matie subsequently measured the distance between the point of impact and appellant's building at 92 to 95 feet, and he estimated appellee's vehicle covered that distance in 10 to 15 seconds after the initial collision with Obey's van. Matie stated that he viewed the grassy area where appellee's vehicle had ended up after leaping the curb, but he did not see any skid marks or torn up turf.

{¶ 33} Appellant's theory is that the impact between appellee's and Obey's vehicles was only slight and that appellee's Town Car struck appellant's building either because the brakes were faulty or appellee mistakenly hit the gas instead of the brakes. Though Matie's

testimony arguably provides a factual predicate for appellant's theory of liability, acceptance of appellant's theory would necessarily require the trier of fact to indulge in speculation. Matie acknowledged on cross-examination that he did not have the specialized knowledge or training necessary to give an opinion whether appellee could have stopped his vehicle before striking appellant's building. Moreover, even if it were permissible for the trier of fact to reach the conclusions advanced by appellant based on Matie's testimony, appellee testified that he applied the brakes and that the brakes were operable. Thus, the question whether appellee established the defense of sudden emergency was an issue for the trier of fact to resolve based on a determination of witness credibility and the relative weight of the evidence.

{¶ 34} "With respect to manifest weight challenges, judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence." *Meccon* at ¶ 15, citing *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 31, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed.' " *Caldwell v. Ohio State Univ.*, 10th Dist. No. 01AP-997, 2002-Ohio-2393, ¶ 59, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 35} As noted above, appellee's testimony, if believed, was clearly sufficient to establish the defense of sudden emergency by a preponderance of the evidence. This court has previously noted that "the precise function of the trier of fact is to ascertain the truth where conflicting testimony exists." *Parsons v. Washington State Community College*, 10th Dist. No. 05AP-1138, 2006-Ohio-2196, ¶ 21. Both the magistrate and the trial court believed appellee's version of the events that transpired on September 17, 2016. In light of the evidence in the record, we cannot say that the trial court lost its way and created a miscarriage of justice when it reviewed the evidence presented to the magistrate and found that the weight of the evidence supported appellee's sudden emergency defense.

{¶ 36} Appellant maintains, however, the trial court abused its discretion when it adopted the magistrate's finding that appellee's vehicle became "little more than a projectile" after the initial collision with Obey's van. (Mag.'s Decision at 4.) Appellant claims that such a finding is not supported by the evidence. Though we agree this

characterization may constitute an overestimation regarding the velocity at which appellee's vehicle was propelled off the roadway by the collision with Obey's van, we find the evidence does support the magistrate's finding that the initial collision was violent enough to cause appellee's vehicle to leave the roadway and strike appellant's building through no fault of appellee's. Moreover, the trial court neither repeated this specific finding in its decision adopting the magistrate's findings nor specifically referenced the finding in the decision. Consequently, any error on the part of the trial court in regard to the magistrate's alleged overstatement did not prejudice appellee and did not amount to an abuse of its discretion by the trial court.

{¶ 37} Similarly, appellant's contention that the trial court erred by not assigning any percentage of fault to appellee is without merit given our determination that the weight of the evidence supports the trial court's conclusion that the sudden emergency doctrine excused the alleged statutory violations and that appellee acted reasonably when confronted with a sudden emergency. Thus, appellee bore no legal responsibility for appellant's harm and is not subject to liability for any portion of appellant's harm. *See* R.C. 2307.22(D) (requires a determination by the trier of fact of each defendant's proportionate share of compensatory damages where two or more defendants are "legally responsible for the same * * * loss to person or property").

{¶ 38} In the final analysis, it is clear that the magistrate believed appellee's testimony and that the trial court, in conducting an independent review of the evidence, agreed with the magistrate's findings as to the events that took place on September 17, 2016. We cannot say the trial court abused its discretion when it adopted the magistrate's findings as to the dispositive facts and conclusions and entered judgment in favor of appellee.

{¶ 39} For the foregoing reasons, we overrule appellant's third, fourth, fifth, sixth, and seventh assignments of error.

## V. CONCLUSION

{¶ 40} Having overruled appellant's seven assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

————————————